MECHANICAL APPLIANCE COMPANY *v.* CASTLEMAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 48. Argued December 3, 1909.—Decided January 3, 1910.

Whether defendant was subject to service of process at the place where served is one of the jurisdictional questions which may be brought directly to this court under § 5 of the Court of Appeals Act as amended January 20, 1897, c. 68, 29 Stat. 492. *Remington* v. *Central Pacific Railroad Co.*, 198 U. S. 95.

After removal from the state to the Federal court, the moving party
has a right to the opinion of the Federal court not only on the
merits, but also as to the validity of the service of process.

In Federal jurisdiction a foreign corporation can be served with proc-
ess under a state statute only when it is doing business therein, and
such service must be upon an agent representing the corporation
in its business. *Goldey* v. *Morning News Co.*, 156 U. S. 518.

Notwithstanding the conformity act, § 914, Rev. Stat., decisions
and statutes of States are not conclusive upon the Federal courts
in determining questions of jurisdiction.

Even if by the law of the State the sheriff's return is conclusive and
cannot be attacked, after removal into the Federal court, that court
can determine whether a defendant was properly served; and if,
as in this case, it appears that the corporation was not doing business
in the State, the court should dismiss the bill for want of juris-
diction by proper service.

In such case, and on such a question, it is proper for the court to
consider affidavits, it not appearing in the record that any objec-
tion was taken thereto.

THE facts, which involve the jurisdiction of the Circuit
Court, are stated in the opinion.

*Mr. Lee W. Grant,* with whom *Mr. P. B. Kennedy* was on
the brief, for plaintiff in error.

*Mr. Benjamin T. Castleman,* defendant in error, *pro se.*

MR. JUSTICE DAY delivered the opinion of the court.

This case comes here under § 5 of the Court of Appeals Act,
as amended January 20, 1897, 29 Stat. 492, c. 68, upon a cer-
tificate from the Circuit Court of the United States for the
Eastern District of Missouri, presenting a question of the ju-
risdiction of that court to entertain a suit brought by Benja-
min T. Castleman, defendant in error, against the Mechanical
Appliance Company, plaintiff in error, to recover for the breach
of a certain alleged contract concerning the making and de-
livery of massage motors.

The action was originally brought in the Circuit Court of
the city of St. Louis, in the State of Missouri, and the Mechan-

ical Appliance Company, a foreign corporation, then defendant, removed the case to the Circuit Court of the United States for the Eastern District of Missouri upon the ground of diverse citizenship. After the case reached the United States Circuit Court the bill of exceptions shows that a motion to quash the summons and certain affidavits were withdrawn, and a plea to the jurisdiction was filed.

The original service of summons in the state court had been made by the sheriff, who returned the summons as follows:

"Served this writ at the city of St. Louis, Missouri, on the within named defendant the Mechanical Appliance Company (a corporation) this 29th day of December, 1906, by delivering a copy of the writ and petition furnished by the clerk to Dudley Shaw, agent of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service."

In the plea to the jurisdiction, in the Circuit Court of the United States, the plaintiff in error set up:

"1. That it is a corporation, organized under the laws of the State of Wisconsin, that it has never taken out a license to do business in the State of Missouri, and that at the time of the alleged service of the writ of summons herein as set out in the return of the sheriff, to wit, 29th day of December, 1906, the defendant did not have any agent, office or place of business in the city of St. Louis or in the State of Missouri.

"2. That the person upon whom service was attempted to be had by the sheriff, and to whom a copy of the summons and petition was delivered, to wit, Dudley Shaw, was not and had not been for some time prior thereto an officer, agent or employé of this defendant. That said Dudley Shaw was not, at the time of the delivery of the summons herein to him by the sheriff, in charge of defendant's usual business office, or in defendant's usual business office in the city of St. Louis; for the reason that this defendant had, at said time, no busi-

ness office nor any other office in the city of St. Louis, State of Missouri."

Certain affidavits are set out in the bill of exceptions, and it is therein stated that they were filed. Two affidavits appear to have been filed in support of the plea to the jurisdiction, and one, by the plaintiff, in opposition thereto. In the certificate the learned Circuit Judge states:

"I hereby certify that in this cause the following question of jurisdiction arose: the defendant filed a plea to the jurisdiction of the court on the ground that it was a corporation organized under the laws of the State of Wisconsin, that it has no office, place of business, or agent in, and was not doing business in the State of Missouri at the time of the service of summons herein and that the person served with the process herein was not the agent of the defendant at the time of said service. Defendant filed affidavit in support of the plea. I overruled the plea on the ground that the facts stated in the return of the sheriff to the summons were conclusive on the defendant and could not be controverted by it. When the cause was called for trial the same objection was made by the defendant and overruled for the same reason. The question only of jurisdiction of the court is, therefore, hereby certified to the Supreme Court of the United States for its decision thereon."

It is settled that a question of this character involves the jurisdiction of the Circuit Court as a Federal court and may be brought here by writ of error under § 5 of the Court of Appeals Act of 1891 as amended in 1897. *Remington* v. *Central Pacific Railroad Company*, 198 U. S. 95.

It is contended by the defendant in error that the plea to the jurisdiction did not definitely state that the corporation defendant was not doing business in the State of Missouri at the time of the attempted service; and, furthermore, that the affidavits were not shown to have been offered in evidence, although the bill of exceptions states that the same were filed. The certificate of the judge, which is required by statute in

order to bring the case to this court, states that the defendant raised, by plea to the jurisdiction, the grounds of objection that it was a foreign corporation, having no office, place of business or agent in and was not doing business in the State of Missouri at the time of the service of summons, and that the person served with the process was not the agent of the defendant at the time of said service.

The certificate shows that the court did not consider the affidavits, and overruled the plea on the sole ground that the facts stated in the return of the sheriff to the summons were conclusive, and could not be controverted by the defendant. It is also stated in the certificate that when the case was called for trial the same objection was made and overruled for the same reason. In the light of this certificate and the statements of the bill of exceptions we think it must be regarded that the question was fairly before the court, notwithstanding the somewhat meagre allegations of the plea in this respect, and presented the question, which it is certified was decided, upon plea and objections attacking the jurisdiction of the court, because the corporation was not doing business in the State of Missouri, and the person attempted to be served was not its agent at that time.

In a memorandum opinion it is indicated that the learned judge, in the court below, followed a previous ruling in the same court; and it is stated that it is the law of Missouri, as held by its highest court, that in a case of this kind a return of this character is conclusive upon the parties. But it is well settled that, after removal from the state to the Federal court, the moving party has a right to the opinion of the Federal court, not only upon the question of the merits of the case, but as to the validity of the service of process. *Wabash Western Ry. Co.* v. *Brow,* 164 U. S. 271, 278.

It is equally well settled in the Federal jurisdiction that a foreign corporation can be served with process within the State only when it is doing business therein, and that such service must be upon an agent who represents the corporation

in its business. This subject underwent extensive consideration in the case of *Goldey* v. *The Morning News*, 156 U. S. 518, and the rule is there stated by Mr. Justice Gray, speaking for the court, as follows (p. 522):

"   . . .   service of mesne process from a court of a State, not made upon the defendant or his authorized agent within the State, although there made in some other manner recognized as valid by its legislative acts and judicial decisions, can be allowed no validity in the Circuit Court of the United States after the removal of the case into that court, pursuant to the acts of Congress, unless the defendant can be held, by virtue of a general appearance or otherwise, to have waived the defect in the service, and to have submitted himself to the jurisdiction of the court."

In view of the principles thus determined, we think the return of the sheriff in the state court was not conclusive upon the question of service. For when the question was raised in the Circuit Court of the United States the jurisdiction of the court would fail if it appeared that the corporation attempted to be served was not doing business in the State of Missouri, and the attempted service was not upon one of its agents. *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *St. Clair* v. *Cox*, 106 U. S. 350; *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co.*, 205 U. S. 364; *Green* v. *C., B. & Q. Railway Co.*, 205 U. S. 530.

Defendant in error cites the case of *Smoot* v. *Judd*, 184 Missouri, 508, in which it was held that where a sheriff's return recited a personal service of process which was false, the remedy of the unserved defendant against whom judgment by default had been taken, in the absence of fraud on the part of the plaintiff in the suit, was in an action on the sheriff's bond for damages for the false return, and not by a suit to set aside the sheriff's sale and deed made in pursuance of the default judgment. It is to be noted, in this connection, that the attack upon the service in that case was made after judgment, and not, as in the present case, by a motion to set aside the

service of summons, or a plea to the jurisdiction over the person. Moreover, in cases which concern the jurisdiction of the Federal courts, notwithstanding the so-called conformity act, Revised Stats., § 914, neither the statutes of the State nor the decisions of its courts are conclusive upon the Federal courts. The ultimate determination of such questions of jurisdiction is for this court alone. *Western Loan & Savings Co.* v. *Butte & Boston Consolidated Mining Co.,* 210 U. S. 368, 369; *Mexican Central Railway Co.* v. *Pinkney,* 149 U. S. 194.

Defendant in error also relies upon the cases of *Walker* v. *Robbins,* 14 How. 584, and *Knox County* v. *Harshman,* 133 U. S. 152. Neither of these cases control the one under consideration. In *Walker* v. *Robbins, supra,* a bill in equity was filed to enjoin enforcement of a judgment at law, entered upon a false return of a marshal in the Circuit Court of the Mississippi District. This court held that a bill in equity would not lie for such purpose, and further, that the return was not false, and if it were, the defendant Walker waived the want of service by pleading to the merits of the action. It was there said by Mr. Justice Catron, delivering the opinion of the court (p. 585): "In cases of false returns affecting the defendant, where the plaintiff at law is not in fault, redress can only be had in the court of law where the record was made, and if relief cannot be had there, the party injured must seek his remedy against the marshal."

The case was decided upon the grounds which we have stated, and the language quoted, and relied upon by the defendant in error is very far from indicating that a party might not appear specially and object to service of summons, and move to set aside the same, and to dismiss the action upon the grounds which are involved in the case at bar.

In *Knox County* v. *Harshman* a bill in equity was filed for an injunction against the prosecution of a writ of mandamus to enforce the levy of a certain tax against the county. The bill alleged that neither the county court nor any of the judges thereof had any notice of the suit until after the end of the

term at which judgment was rendered, and that no service of summons was made upon Frank P. Hall, the county clerk, as was stated in the marshal's return. This court, in an opinion by Mr. Justice Gray, held that a court of equity would not interfere with the judgment, under the circumstances shown, and as to the officer's return of service of copy of the summons on the clerk, if false, no fraud having been charged or proved against the petitioner, redress must be sought in an action at law, and not by a bill in equity; and that if the questions of fact could be considered as open in the case, the proof at the hearing showed that service had, in fact, been made.

Neither of these cases involved the right of the defendant to appear upon attempted service in an action at law, and by motion, or plea for that purpose, raise the question of jurisdiction over his person. The case of *Wabash Western Railway Co.* v. *Brow*, 164 U. S. 271, is much closer in its analogy to the case at bar. In that case suit was commenced in the state court, in Michigan, against the Wabash Western Railway Company to recover in an action for damages. The service of summons and copy of the declaration was made upon one Hill, as agent of the company. The case was removed to the Federal court for the Eastern District of Michigan. The railroad company thereupon appeared and moved to set aside the declaration and rule to plead, upon the ground of want of jurisdiction, and filed an affidavit showing that Hill, upon whom the service had been attempted, was the freight agent of the Wabash Railroad Company, a corporation which owned and operated a railroad from Detroit to the Michigan state line, and was not an agent of the Wabash Western Railway Company, the defendant in the suit; and, at the time of the attempted service, the defendant did not own, operate and control any railroad in the State of Michigan, had no place of business therein, and was not doing business within the State. The action was overruled by the Circuit Court, the objection to the jurisdiction was renewed when the defendant filed its

plea and before trial in the case, which resulted in a verdict and judgment in favor of Brow.

The Court of Appeals for the Sixth Circuit held that the filing of the petition for removal, in general terms, had effected the appearance of the Wabash Western Railway Company to the action. This court, in an opinion by Mr. Chief Justice Fuller, held that the record disclosed that the corporation at the time of the attempted service was neither incorporated nor doing business, nor had any agent nor property within the State of Michigan, and that the individual upon whom service had been attempted was not the agent or an officer of the corporation, and, therefore, no jurisdiction was acquired over the person of the defendant by the attempted service; and, further, that the petition for removal did not effect an appearance in the case, consequently reversing the judgment of the Circuit Court of Appeals and remanding the case to the Circuit Court, with directions to grant a new trial, and to sustain the motion to set aside the service and dismiss the action.

The Circuit Court should have considered the question upon the issues of fact raised, as to the presence of the corporation in Missouri and the authority of the agent upon whom service had been attempted. It is true, as suggested by the defendant in error, that the affidavits appearing in the bill of exceptions are stated to have been filed, and there is no definite statement that they were offered to be read in evidence, but we think it is apparent that they were filed for that purpose. No objection appears in the record to the filing of the affidavits; on the other hand, it appears that the plaintiff below also filed an affidavit. These affidavits are made part of the record by a bill of exceptions and we think they should have been considered upon the question of jurisdiction.

As we have already indicated, the learned Circuit Court was in error in holding that the return of the sheriff in the state court concluded the parties, and had it considered the affidavits exhibited in the bill of exceptions, as in our view it should have done, the conclusion would have been reached that the

weight of the testimony disclosed that the defendant corporation was not doing business in the State of Missouri at the time of the attempted service of process, and that the person named in the return of the sheriff was not at that time the duly authorized agent of the defendant corporation.

Holding these views, the judgment of the Circuit Court is reversed, and the cause remanded to that court with directions to dismiss the case for want of jurisdiction.

*Reversed.*