L. G. McKNIGHT & SON CO. v. CRAMER FURNITURE CO.

(Circuit Court of Appeals, First Circuit. August 8, 1911.)

No. 931.

COURTS (§ 314*)—JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PARTIES.
    A federal court is without jurisdiction on the ground of diversity of citizenship of an action by a corporation of another state against a corporation of a third state, which has no place of business in the state of suit, and on service on an officer of defendant who was not in the state on business of his corporation.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*

    Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action at law by the L. G. McKnight & Son Company against the Cramer Furniture Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Harvey H. Pratt and Owen A. Hoban, for plaintiff in error.
George Holden Tinkham, for defendant in error.

Before ALDRICH, BROWN, and DODGE, District Judges.

PER CURIAM. We are of the opinion that the Circuit Court was right in dismissing the plaintiff's action at law, for want of jurisdiction, upon motion of the defendant.

The plaintiff in error, plaintiff below, the L. G. McKnight & Son Company, is a corporation of the state of Maine, having its usual place of business in Massachusetts. The defendant is a corporation of the state of North Carolina, having its usual place of business in that

state, and having no place of business in the state of Massachusetts. The action was begun in the district of Massachusetts by service of summons upon its vice president, also a director, who was not in Massachusetts on business of the defendant corporation. The question of jurisdiction upon such facts as are above set forth, and upon such additional facts as are contained in the bill of exceptions, is so well settled to the contrary of the contention of the plaintiff in error that we need only refer to the following authorities: Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Keasbey v. Mattison Co., 160 U. S. 221–229, 16 Sup. Ct. 273, 40 L. Ed. 402; Ladew v. Tennessee Copper Co. (C. C.) 179 Fed. 245, s. c. 218 U. S. 357, 31 Sup. Ct. 81, 54 L. Ed. 1069; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272; Hoyt v. Ogden Portland Cement Co. (C. C.) 185 Fed. 889–898, et seq.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.