## FOUNTAIN v. DETROIT, M. & T. S. L. RY. CO.

(District Court, N. D. Ohio, W. D. July 10, 1913.)

No. 2415.

1. REMOVAL OF CAUSES (§ 112*)—PROCEEDINGS AFTER REMOVAL—OBJECTIONS TO PROCESS.

Sufficiency of process by which a suit has been commenced in a state court may be raised in a proper manner after removal to a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. § 112.*]

2. PROCESS (§ 164*)—DEFECTIVE RETURN—CORRECTION BY AMENDMENT.

Where process has been properly served, but the return of the officer is insufficient, the defect may be corrected by an affidavit of the officer showing the facts.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 176, 239–248; Dec. Dig. § 164.*]

3. PROCESS (§ 164*)—RETURN—AMENDMENT.

Gen. Code Ohio, § 11288, provides that in an action against a railroad company summons may be served on any regular ticket or freight agent of the company, etc. In such an action the sheriff's return recited that he summoned the defendant by delivering to S., freight agent of the company, a true and certified copy of the writ, etc. *Held* that, though such return was defective for failure to state that the summons was served on the "regular" freight agent of defendant, such defect was cured by an affidavit of the officer that to his personal knowledge the person served was the regular freight agent of defendant railroad company, and that the word "regular" was not inserted in the return by oversight of the officer.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 176, 239–248; Dec. Dig. § 164.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Noah Fountain, as administrator of the estate of Clarence J. Fountain, deceased, against the Detroit, Monroe & Toledo Short Line Railway Company. On motion to dismiss. Overruled.

O. S. Brumback and Erskine H. Potter, both of Toledo, Ohio, for plaintiff.

King, Tracy, Chapman & Welles, of Toledo, Ohio, for defendant.

DAY, District Judge. This suit was commenced in the common pleas court of Lucas county and later removed by the defendant to this court. The defendant, now appearing solely and specially for the purposes of the motion now under consideration, moves for an order vacating and setting aside the summons and service of summons by the sheriff of Lucas county.

[1] It is well established that, where a suit has been commenced in the state court and afterwards removed to the federal court, the sufficiency of the process can be raised in a proper manner after the removal. Murphy et al. v. Herring-Hall-Marvin Safe Co. (C. C.) 184 Fed. 495; Webster v. Iowa State Traveling Men's Association (C. C.) 165 Fed. 367; Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138; Wabash Western Ry. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 444, 30 Sup. Ct. 125, 54 L. Ed. 272. The defendant is an electric railway company operating a street railroad passing through two or more counties and owns and operates this electric railway in this manner.

Section 11288 of the General Code of Ohio provides, in part:

"The summons may be served upon any regular ticket or freight agent of such railroad company or street railroad company, or transportation company; or, if there be no such agent," etc., it provides for another manner of service.

The return of the sheriff in the common pleas court of Lucas county, omitting the formal parts of the return, is as follows:

"Received this writ April 17, 1913, and pursuant to its command, I summoned on the 22d day of April, 1913, the within named defendant, Detroit, Monroe & Toledo Short Line Railway Company, by delivering to L. M. Swartz, freight agent for said company, a true and certified copy of this writ, with indorsements thereon. The president or other chief officers of said company could not be found by me in Lucas county, Ohio.
                                                    "John Jackman, Sheriff,
                                                    "By C. D. Witaker, Deputy."

The return of the sheriff is defective because the return does not indicate that the company was served by serving the summons upon the regular freight agent of the defendant company. Later by leave of court first obtained, however, the plaintiff files the affidavit of Witaker, the deputy sheriff of Lucas county, which states in substance that, to the personal knowledge of the affiant, L. M. Swartz was the regular freight agent for the defendant railway company in the city of Toledo, Ohio, and that the word "regular" was not inserted in the return on the service in front of the words "freight agent" by reason of an oversight on the part of the deputy sheriff serving the process.

[2] The practice of permitting the filing of this affidavit is recognized and approved by the Supreme Court of the United States in Mechanical Appliance Co. v. Castleman, 215 U. S. 437, on page 445, 30 Sup. Ct. 125, on page 129 (54 L. Ed. 272), the court saying:

"These affidavits are made part of the record by a bill of exceptions, and we think they should have been considered upon the question of jurisdiction. As we have already indicated, the learned Circuit Court was in error in holding that the return of the sheriff in the state court concluded the parties, and had it considered the affidavits exhibited in the bill of exceptions, as in our view it should have done, the conclusion would have been reached that the weight of the testimony," etc.

[3] The affidavit indicates that the regular freight agent of the defendant company was regularly served by the sheriff of Lucas county.

The motion, will, accordingly, be overruled, and exceptions granted to the defendant.