GENERAL INV. CO. v. LAKE SHORE & M. S. RY. CO., et aL

(District Court, N. D. Ohio, E. D. June 30, 1915.)

No. 287.

1. STATUTES ⬥⟿231—CONSTRUCTION—REVISION OR AMENDMENT.

In construing an act in which, in the process of amendment and codification, a semicolon has supplanted a comma, the court will apply the principle that no radical change of meaning was intended by the Legislature in the revision of the act, unless the purpose is clearly manifested by a change in language.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 312; Dec. Dig. ⬥⟿231.]

2. STATUTES ⬥⟿188—CONSTRUCTION—UNREASONABLE MEANING.

An unreasonable meaning should not be given to any statute, unless such a construction is compelled by the specific terms of the act, and not by the merely apparent difference of meaning wrought by the placing of a semicolon for a comma.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 266, 267, 276; Dec. Dig. ⬥⟿188.]

3. RAILROADS ⬥⟿33—ACTIONS—SERVICE—FOREIGN CORPORATION — AGENT—"DOING BUSINESS"—TICKET AGENT OF CONNECTING RAILROAD.

Where service was attempted to be made upon defendant railroad, not at all located in Ohio, by serving upon the ticket agent for a road in Ohio connecting with defendant road, such service was invalid, for one who merely transacts business for a connecting line, though he is located within the jurisdiction, whose acts necessarily involve the defendant corporation in a transportation transaction, is not "doing business," within the federal view, for such connecting foreign corporation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. ⬥⟿33.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

<hr>

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. EVIDENCE ⬤⟹20—JUDICIAL NOTICE—RAILROAD CUSTOMS.

The court will take judicial notice of railroad customs, such as the practice and duty of a railroad agent to sell tickets on demand, and thus to transact business, for any railroad over whose line, from the agent's line and intervening connections, coupon tickets may be issued.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 24; Dec. Dig. ⬤⟹20.]

In Equity. Suit by the General Investment Company against the New York Central & Hudson River Railroad Company and others. On motion to quash service of summons on the named defendant. Motion granted.

Henry, Fauver, McGraw & Thomsen, of Cleveland, Ohio, for plaintiff.

Chas. T. Lewis, of Toledo, Ohio, and F. J. Jerome, of Cleveland, Ohio, for defendant New York Cent. & H. R. R. Co.

KILLITS, District Judge. [1, 2] Because of facts conceded in this case we are not called upon to construe section 11288, General Code of Ohio, under which service was attempted to be made upon the movant in this case, the New York Central & Hudson River Railroad Company, by delivering a copy of the summons to the agent of the Lake Shore & Michigan Southern Railway Company at Cleveland. The genesis of this act shows that the original intention of the Legislature was not to permit the bringing into court of a railway corporation by service upon a ticket or freight agent of the company, except in a county in which such railroad is located or through which it passed; and, if it is correct to say that the statute in its present form does allow such actions to be brought, it is because, through the process of amendment and codification a semicolon has supplanted a comma, whereby an enlargement of opportunity for service is effected beyond the conception of the original framers of the law. If we were compelled to pass upon the question, we would be constrained to give considerable effect to the principle announced in Allen v. Russell, 39 Ohio St. 336, among other cases, that no radical change of meaning was intended in revision or amendment, unless the purpose is clearly manifested by a change of language; and we should further consider that other standard canon of construction that, unless compelled by specific terms of the act, an unreasonable meaning should not be given to it. Against these two considerations, it may well be said that the slight differences in punctuating effect between a comma and a semicolon are negligible.

[3] The court's duty in this case, however, is controlled to the end of granting the motion to dismiss the New York Central & Hudson River Railroad Company for want of proper service, because it is conceded that the moving defendant was not at all located within the state of Ohio, and that the person upon whom service was made, being the ticket agent for the Lake Shore & Michigan Southern Railway Company, was no more an agent for the New York Central & Hudson River Railroad Company than he was for any other railroad corpora-

tion in the United States over whose lines he was authorized to sell coupon tickets in connection with transportation to connecting points over his own employer's road. We are controlled by Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272, both as to the right of the movant to ask for a dismissal notwithstanding the action of the state court, and, in connection with Wabash Western Railway Co. v. Brow, 164·U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, that a foreign corporation not doing business in this state cannot be served therein, and that one who merely transacts business for a connecting line, although he is located within the jurisdiction, whose acts necessarily involve the foreign corporation in a transportation transaction, is not "doing business," within the federal view, for such· connecting foreign corporation.

[4] If Agent Barr, at Cleveland, was so doing business for the New York Central & Hudson River Railroad Company that he was capable of binding that company to a service upon it, merely because tickets that he might sell over his employer's road read also over the moving defendant's line, then it is clear that every railroad company in the United States might be sued within this jurisdiction, for, under the rulings of the Interstate Commerce Commission and the operation of federal law on the subject, Mr. Barr, at Cleveland, must and does sell tickets on demand, and thus transact business for any railroad company over whose line from the Lake Shore & Michigan Southern Railway Company and intervening connections coupon tickets under the regulations may be issued. We take judicial notice of railroad customs, and therefore know, as part of· this case, that such is the business transacted by Mr. Barr's office at Cleveland. B. & O. Rd. Co. v. Reed (C. C. A. Sixth Circuit) 223 Fed. 689, —— C. C. A. ——, decided June 17, 1915.

Our conclusion is that the motion to quash service should be granted.