CHATTERS v. LOUISVILLE & N. R. CO. et al.

(District Court, E. D. Louisiana, New Orleans Division. December 7, 1926.)

No. 18485.

1. Courts ⬯6—Right of action for injury to passenger held to have arisen in state where contract of carriage was made.

A right of action against a railroad company for injury to a passenger, where the contract of carriage was made, in New Orleans by the sale to plaintiff of a through ticket, arose in Louisiana, though the injury occurred elsewhere on the journey.

2. Courts ⬯255—Jurisdiction of federal courts depends entirely on federal statutes.

Neither state laws nor decisions of state courts construing such laws can affect the jurisdiction of federal courts, which is defined by and depends entirely on the national statutes.

3. Courts ⬯259—Jurisdiction of federal court is not affected by fact that state courts refuse to entertain action under state statute.

The fact that the courts of a state, under the statutes of the state, as construed by its Supreme Court, will not take jurisdiction of a transitory action against a foreign corporation, unless the cause of action arose within the state, does not affect the jurisdiction of a federal court in the state, where the action is within its jurisdiction, as defined by Congress.

4. Courts ⬯274(14)—To give federal court jurisdiction over foreign corporation it must be doing business in state, and service must be on agent representing it in such business.

The general rule applicable in federal courts is that it is essential to the validity of service on a foreign corporation that it be doing business in the state, and that the service be on an agent representing the corporation with respect to such business.

5. Courts ⬯344(7)—Service on agent of foreign corporation designated for service under laws of state is valid to give federal court jurisdiction.

While service on an agent of a foreign corporation expressly designated to receive such service in the state is not essential to jurisdiction of a federal court, where such an agent has been appointed in conformity to the laws of the state, service on him is sufficient, provided also that the corporation is doing business in the state.

At Law. Action by Aaron A. B. Chatters against the Louisville & Nashville Railroad Company and the Southern Railway Company. On motion by the Southern Railway Company for new trial after exceptions to jurisdiction were overruled. Denied.

George Piazza, of New Orleans, La., for plaintiff.

Walter J. Suthon, Jr., of New Orleans, La., for defendants.

BURNS, District Judge. An exception to the jurisdiction of this court, filed by the Southern Railway Company, was overruled, and that defendant moves for a new trial. The plaintiff is a citizen of Louisiana, residing in New Orleans. The Southern Railway Company is a Virginia corporation, admittedly doing business in Louisiana through various agencies and agents, and has an agent appointed to receive service of process within the state of Louisiana, pursuant to Acts 194 and 243 of 1912, Act 267 of 1914, and Act 179 of 1918, of the Louisiana General Assembly.

Service of citation in this suit was made on that agent, just as similar service was made on the Louisville & Nashville Railroad Company, a Kentucky corporation, through its agent, likewise appointed.

Exceptor contends that this federal court must accept as a rule of decision the construction placed on the above-described statutes by the courts of the state, and, since these have refused to take jurisdiction of transitory actions, the case should be dismissed; that the case at bar is such an action because the damage occurred outside the state and grew out of a transaction that did not arise from business transacted within the state.

[1] My conclusion is that this contention cannot prevail. In the first place, according to the petition, the cause of action arose out of a contract of carriage between the defendant and the plaintiff as a common carrier made in New Orleans, La., where the Louisville & Nashville Railroad Company, acting for itself and the Southern Railway Company, sold plaintiff a through ticket from New Orleans, La., to Washington, D. C. He boarded a through train in a car (a defective window of which injured him) operated by both defendants. The train was operated or hauled from New Orleans to Atlanta, Ga., by the Louisville & Nashville Railroad Company, and thence to Washington, D. C., by the Southern Railway under some contract between the carriers not disclosed to plaintiff. The injury, from broken glass entering petitioner's eyes, occurred near Washington, D. C.

The exceptor relies on this last isolated fact to support its theory that the cause of action arose beyond Louisiana and this district, whereas I hold that the cause of action arose out of the contract and relation of the parties as carrier and passenger, and that the whole contract and its performance was a joint undertaking beginning in Louisiana and ending in the District of Columbia on the part of both carriers, whose liability can only be determined after a trial on the merits. Of course, the mere sale of the ticket does not constitute the Louisville & Nashville Railroad Company the agent of the defendant Southern Railway Company, except quoad the sale of the ticket; nor does it establish the fact that the latter is doing business in Louisiana.

[2] The doing of a general freight and passenger business in Louisiana through other agents or agencies is otherwise alleged, and is admitted by the Southern Railway Company. The question directly presented is whether or not the jurisdiction of the United States District Court may depend upon state laws or judicial construction by state courts, and must be answered in the negative.

R. S. § 721 (Comp. St. § 1538), which provides that the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, prohibits the possibility of state legislation or judicial decision defeating the express statutory mandates of Congress. R. S. § 914 (Comp. St. § 1537), the Conformity Act, which provides that the practice, pleadings, and forms and modes of proceeding in civil causes shall conform as nearly as possible to those of the courts of record in the state, is beside the point. See Mexican Central Ry. Co. v. Pinkney, 149 U. S. 194, 206, 207, 13 S. Ct. 859, 37 L. Ed. 699.

[3] The exceptor's attack is leveled at the venue rather than the jurisdiction. But the fact that this venue is established by Congress brings it under the prohibitive exception in R. S. § 721, above referred to, so that the venue as well as the jurisdiction is cloaked with the authority of a statute of the United States, and therefore no state statute or judicial construction may be regarded here as a rule of decision. The venue is established by section 51 of the Judicial Code (Comp. St. § 1033), which provides that, where jurisdiction is founded only on diversity of citizenship, the plaintiff may bring his suit at the place of his residence, or at that of the defendant, whilst the cause of action stated is within the general jurisdiction of this court as conferred by section 24 of the Code (Comp. St. § 991). See Mun-

ter v. Weil Corset Co., 261 U. S. 276, 277, 43 S. Ct. 347, 67 L. Ed. 652; Mechanical Ap. Co. v. Castleman, 215 U. S. 437, 443, 30 S. Ct. 125, 54 L. Ed. 272.

Exceptor's contention is that the right of the plaintiff to file suit in this court does not depend on anything but the statute of the state which prescribes the terms on which foreign corporations may be sued in the state courts; that the state court of last resort has held that foreign corporations may be sued only upon causes of action arising out of business done within the state; that plaintiff's action arose elsewhere, and therefore is ·of transitory character; and that therefore the state courts, following their previous construction, would take no jurisdiction. Assuming this to be true, such refusal to take jurisdiction would not necessarily also defeat the legality of the service of petition or process on the defendant when made according to the statute. However, we might also assume that the service would be held illegal and void under some construction by the state courts; none the less would the federal court be free to determine its own jurisdiction and refuse to accept either the statute or the local construction of it, because the state and federal courts derive their authority from different sources, and neither may expand or contract jurisdiction lawfully conferred on the other. Walsh v. Atlantic Coast Line Ry. Co. (D. C.) 256 F. 47, 50, 51.

[4] The decision here must proceed upon different principles. The general rule or doctrine applicable in federal courts to the question presented here is this: "It is essential to the validity of service on a foreign corporation, that the corporation shall be doing business within the state, and that the service be upon an agent representing the corporation with respect to such business." 11 Ency. U. S. S. C. Reports, pp. 308–311.

In St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222, 1882, Mr. Justice Field cited approvingly the decision in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and proceeded to review prior decisions tracing the tendency, both judicial and legislative, to a relaxation of the original doctrine exempting a corporation from suit in a state other than that of its creation. He recognized the change to be due to the growing number and character of corporations, and the spreading of their business activities abroad in other states, causing great inconvenience and injustice to arise from the doctrine. He considered as settled the right of the states to impose upon such foreign corporations conditions precedent to their doing business within such states, and make them amenable to suit, provided, however, that these conditions be not repugnant to, or inconsistent with, the Constitution and laws of the United States, nor with those rules of public law and natural justice which require notice of a suit to a party before he can be bound by it. In other words, the fictitious concept of corporate entity was expanded so that their presence in fact in states other than those of their origin might be presumed from the fact of ·their doing business and having actual representation by an agent there.

[5] In Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 611, 19 S. Ct. 308, 43 L. Ed. 569, the Supreme Court again reviewed the jurisprudence, and held that, where a personal judgment was sought, the test applied was whether the foreign corporation was engaged in doing business in the state, and, if so, whether process was served upon an agent so far representing the corporation in the state that he might be properly held, in law, an agent to receive such process on behalf of the corporation; and, further, that an express authority to receive process was not always necessary.

In Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964, Mr. Justice Gray said: "This court has often held that wherever such a statute exists service upon an agent so appointed is sufficient to support jurisdiction of an action against the foreign corporation, either in the courts of a state, or, when consistent with the acts of Congress, in the courts of the United States held within the state; but it has never held the existence of such a statute to be essential to the jurisdiction of the Circuit Courts of the United States [citing]: Lafayette Ins. Co. v. French, 59 U. S. (18 How.) 404 [15 L. Ed. 451]; Ex parte Schollenberger, 96 U. S. 369 [24 L. Ed. 853]; New England Mut. L. Ins. Co. v. Woodworth, 111 U. S. 138, 146 [28:379, 382]; (Shaw v. Quincy Mining Co.) 145 U. S. 444, 452 [12 S. Ct. 935, 36 L. Ed. 768]." See, also, Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Mexican Cent. Ry. Co. v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699.

These decisions seem conclusive to the effect that such state statutes, and the construction of such statutes by the courts of the state, shall not be regarded as rules of decision by courts of the United States held in such states; that legal service of process in a suit of which a court of the United States

has jurisdiction may be made upon agents of a foreign corporation appointed or representing such corporation in the state, provided the foreign corporation is actually engaged in doing business within the state, and is represented by such an agent in the conduct of such business, or by one appointed pursuant to a state statute, making it amenable to suit. When these facts appear, the corporation is presumed to be present, and therefore amenable to suit. It is immaterial whether such service is recognized as sufficient by the statutes or other judicial decisions of the state where the service is made. Barrow v. Kane, St. Clair v. Cox, Munter v. Weil Corset Co., Mechanical Appliance Co. v. Castleman, Walsh v. Atlantic Coast Line, cited supra, and Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113.

The conclusions here stated depend upon the admission that the Southern Railway Company is doing business of a general nature through and jointly with various agencies owned, controlled, or operated by it, within this district and state, all as set out in the petition and amended petition. There is at least sufficient evidence to show that its status has changed considerably since the case of Simon v. Southern Railway, 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, was decided in 1915. In one part of the exceptor's brief this is admitted; in another the fact is assumed to be unimportant; in still another some suggestion is made that the fact is disputed, and that a hearing upon special motion should be granted to dispose of this issue of fact, if it is deemed important to the final decision of these exceptions. The foregoing should indicate that a correct decision depends primarily on that point.

Accordingly, unless this issue is made by suitable exception or plea, with service on the plaintiff, within five days, and made returnable on the rule day following next thereafter, the allegations of the petition and supplemental petition will be taken as true, the new trial will be refused, and the order overruling the exceptions reaffirmed.