## KULASZEWICZ v. GEO. KILGEN & SON, Inc.

(District Court, W. D. Michigan, N. D. December 21, 1926.)

1. **Courts** ⬤⚌344—**State law relative to service of process on foreign corporation held not conclusive on federal courts in determining jurisdiction (Comp. Laws Mich. 1915, § 12434).**

Comp. Laws Mich. 1915, § 12434, authorizing service of process in suit against foreign corporation on any officer or agent within state, *held* not conclusive on federal courts in determining question of jurisdiction.

2. *Corporations* ⬤⚌668(15)—*Foreign corporation, represented within state by agent with authority to execute contracts, held doing business within state, authorizing service on agent.*

Foreign corporation, represented within state by agent with authority to execute contracts and accept payments thereon, *held* engaged in doing business within state, so as to authorize service of process on such agent.

At Law. Action by Daniel J. Kulaszewicz against Geo. Kilgen & Son, Inc., removed from the state court. On motion to quash. Motion denied.

Jones & Patek, of Ironwood, Mich., for plaintiff.

Edward A. Macdonald, of Marquette, Mich., for defendants.

RAYMOND, District Judge. The motions to quash, filed in the state court prior to removal, have been renewed in this court.

The sole ground now relied upon is the alleged insufficiency of service of process. Proofs have been submitted relative to the nature and extent of the authority of the agent upon whom process was served and of the business being done within the state of Michigan by the defendant, a corporation foreign to Michigan.

The court is satisfied from the evidence that the agent upon whom service was made was, at the time of such service, vested with authority, not only to solicit, but to close, contracts for the installation of pipe organs by the defendant, that such contracts were not subject to approval at the home office, and that said agent had authority to and did accept payments upon such contracts. It is apparent from the testimony that he was not an agent clothed with authority merely to solicit orders. It also appears from the evidence that plaintiff is a resident of Michigan, that the contract was entered into and was to be performed within this state, and that the controversy involved in this litigation arose within the state. These facts differentiate the present case from a large number of cases involving the question of service of process upon agents of foreign corporations.

The declaration in the present case contains the following averment:

"That the defendant is a corporation organized, existing, and doing business under and by virtue of the laws of one of the states of the United States, other than the state of Michigan, and engaged in the business of selling and installing pipe organs within the state of Michigan, as well as elsewhere."

It is held that in federal jurisdiction a foreign corporation can be served with process under a state statute only when it is doing business therein, and such service must be made upon an agent representing the corporation in its business. See Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272.

Section 12434 of Compiled Laws of Michigan (1915) is as follows:

"In all cases where suit is brought against a foreign corporation, process may be served upon *any* officer or *agent* of such corporation within this state, and *any* person representing such corporation *in any capacity,* shall be deemed an agent within the meaning of this section."

[1] This statute is not conclusive upon the federal courts in determining questions of jurisdiction. Such a statute may be held valid when applied to certain circumstances and invalid when applied to different circumstances. The Supreme Court of the United States, in the case of Davis v. Farmers' Co-Operative Co., 262 U. S. 312, 316, 43 S. Ct. 556, 558 (67 L. Ed. 996) in referring to a similar statute, said:

"It may be that a statute like that here assailed would be valid, although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the state, or if the plaintiff was, when it arose, a resident of the state."

Efforts to state a general rule applicable to this class of cases have met with no success. Each case must be determined upon its own peculiar facts. The difficulties involved in determining questions of this nature are clearly set forth and a thorough review of the authorities is found in the case of Farmers' & Merchants' Bank v. Federal Reserve Bank (D. C.) 286 F. 566.

[2] It appears from the evidence that the business of the defendant was the installation of pipe organs in pursuance of written contracts; that its agent was present in the state of Michigan for the purpose not only of contracting with plaintiff but with others for such installations. It must be assumed from this evidence that the defendant had begun what was designed to be a continuous and permanent business in the state of Michigan. It was not confined to a single transaction. It is therefore the conclusion of the court that process in this case was served on an authorized agent, that the defendant was then engaged in doing business in the state, and that it would be unreasonable to hold that defendant had not by its course of conduct submitted to the service of process within this jurisdiction.

The motion to quash will be denied, and an order will be entered accordingly.