## COLUMBIAN NAT. LIFE INS. CO. OF BOSTON, MASS., v. ROBBINS.

### No. 1300.

District Court, M. D. Pennsylvania.

Feb. 4, 1938.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

George Miller and Lawrence D. Bilcovitch, both of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a suit in equity for the cancellation of two insurance policies. By leave of court, defendant has appeared specially for the purpose of attacking the jurisdiction of the court over his person, and has filed a "plea to the jurisdiction" of the court alleging that service of the subpoena was not made on an adult member of his family, as set forth in the marshal's return but upon one Agnes Herrick, a minor aged sixteen years. Plaintiff has filed a motion to dismiss on the grounds that the plea is not in accordance with equity practice, and that the marshal's return shows full compliance with Equity Rule 13, 28 U.S.C.A. following section 723, with respect to service of process and is conclusive on the defendant.

Objection to the defendant's procedure is not pressed by plaintiff and requires no discussion.

By testimony, which is uncontradicted, it was shown that Agness Herrick, the person upon whom service was made, was at the time of service a minor aged sixteen last birthday, and that she was a maid in defendant's home.

The question is whether the facts recited in the marshal's return of service are conclusive upon the defendant.

In Real Silk Hosiery Mills v. Philadelphia Knitting Mills Co., 46 F.2d 25, the Circuit Court of Appeals of this circuit

affirmed, per curiam, an opinion by Dickinson, District Judge, holding that the marshal's return was not conclusive and that the facts upon which the service rests may be found by the court. To the same effect are Nickerson v. Warren City Tank & Boiler Co., 223 F. 843, D.C.Pa. and L. E. Waterman Co. v. Parker Pen Co., 100 F. 544, C.C.Pa. In those cases, as in many other cases called to the court's attention, a foreign corporation was permitted to attack the service on the ground that service was not made on a resident agent. See Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272, and Wabash Western Railway Co. v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431. In all of the cases brought to my attention in which the federal courts have permitted facts recited in the marshal's or sheriff's return to be impeached, the basic question has been whether the defendant was, as a matter of law, doing business in the district so as to be amenable to process in that district. In those cases, the statutory jurisdiction of the court was directly involved, and the effect of permitting a false return to stand would be to give the court jurisdiction over cases outside the limitations of congressional authority. Furthermore, in such cases the marshal's return is not directly impeached by inquiry into the question whether the defendant was in fact doing business in the district.

 In the case at bar, there is no attempt to show that defendant is not a resident in the district and amenable to the processes of this court. From the defendant's own testimony it is quite clear that he is a resident of the district and that he did, in fact, receive the subpœna the day it was left at his home.

 At common law the return by the officer charged with service of process was conclusive as between the parties as to all matters of which the return was evidence. 50 C.J. 574. As has been stated above, the strict principle has been relaxed in the federal courts where the question of statutory jurisdiction is concerned. It is now proposed that the court further relax the accepted common-law rule in favor of a resident defendant, unquestionably amenable to the process of this court, who has not been harmed in any way by the alleged error in service. The only effect of so doing would be to delay this suit and cause unnecessary expense.

This is a suit in equity. Courts of equity concern themselves with substantial justice only. It is a familiar maxim that "equity does not stoop to pick up pins."

In my opinion, this is clearly not a case where the court should abandon the old common-law rule which does not permit facts recited in the marshal's return to be impeached, and I shall not do so. In truth, contrary action by the court might result in injustice to both parties.

Now, February 4, 1938, defendant's "plea to the jurisdiction," filed November 30, 1937, is overruled.