## LEONARD v. OPPENHEIM.
### No. 954.

District Court, S. D. Ohio, W. D.
June 27, 1939.

Zimmerman & Zimmerman, of Springfield, Ohio, for plaintiff.

Martin & Corry, of Springfield, Ohio, for defendant.

NEVIN, District Judge.

This cause came into this court on removal from the Common Pleas Court of Clark County, Ohio. It was filed in this court on June 11, 1938.

On June 21, 1938, defendant, through her counsel, filed a motion in which "appearing only for the purpose of this motion, and not intending thereby to submit herself to the jurisdiction of the Court" she moved "that the issuance and service of summons purported to be made upon her in this cause be vacated, and the return of service thereon quashed, set aside, and held for naught, for the reason that service of summons has not been properly made in accordance with the provisions of Section 6308-2 of the General Code of Ohio."

On November 10, 1938, this court rendered a decision sustaining defendant's motion just referred to. Before any order based on that decision was entered plaintiff (on November 29, 1938) filed a motion moving "the Court to allow the sheriff to amend the return of such service to show the true facts and in the furtherance of justice."

With the motion, and attached thereto, plaintiff filed an affidavit signed by one George W. Benham, who states therein that he was, on the 28th day of November, 1938 and prior thereto when the service was made, the Sheriff of Clark County, Ohio. In his affidavit the Sheriff recites what he asserts are the facts with regard to his service on the Secretary of State of the State of Ohio for the purpose of showing that the service was in

conformity with Section 6308-2 of the General Code of Ohio.

The cause is now before the court on this motion to amend the return filed on behalf of plaintiff.

In opposing plaintiff's motion defendant submits that the service of process is not subject to amendment under a state of facts such as exists in the instant case after a cause has been removed to the Federal Court. That is, defendant contends that the Sheriff cannot amend his return on the summons after the cause has been removed to the Federal Court; that this court is without jurisdiction to permit such an amendment because the Sheriff is not its officer. Defendant further submits that the state court is without jurisdiction because of the filing of the petition for removal and the subsequent certification of the record to this court.

Counsel for defendant find support for their view in several authorities, among others, the following: Tallman v. Baltimore & O. R. Co., C.C., 45 F. 156; Hawkins v. Peirce, C.C., 79 F. 452; Webster v. Iowa State Traveling Men's Ass'n, C.C., 165 F. 367. There seems to be no question but that this was the view earlier entertained by the courts—the Tallman case having been decided in 1891 by Judge Sage sitting as a judge of the Circuit Court in this district.

The trend of the later decisions, however, is to the effect that where process has been properly served but the return of the officer is insufficient the defect may be corrected by an affidavit of the officer showing the facts, and that such an affidavit may be examined and considered by the Federal Court in a suit which has been commenced in a state court and thereafter removed to a federal court. Fountain v. Detroit, M. & T. S. L. R. Co., D.C., 210 F. 982; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 445, 30 S.Ct. 125, 54 L.Ed. 272.

Finally, so far as this circuit and this district are concerned, the question seems to have been fully determined in Maichok v. Bertha-Consumers Co., 6 Cir., 25 F.2d 257, where, at page 258, the court say: "At a time when the federal jurisdiction in removed cases depended strictly on the removal record, an amendment of a return in the state court might have been improper; but, since vital defects in the jurisdiction apparent on the removal record may now be cured by amendment after removal (Judicial Code, § 274c, U.S.Code, tit. 28, § 399, 28 U.S.C.A. § 399), there seems to remain no reason why the retroactive effect of Judicial Code, § 38, 28 U.S.Code, § 81, 28 U.S.C.A. § 81, and the amendatory power of R.S. § 954, U.S. Code, tit. 28, § 777, 28 U.S.C.A. § 777, should not extend to such a return as this."

Plaintiff's motion to allow the sheriff to amend his return of service is sustained.

Order accordingly.