**M. LOWENSTEIN & SONS, Inc. v. AMERICAN UNDERWEAR MFG. CO., Inc.**

Civ. No. 10430.

United States District Court, E. D. Pennsylvania.

March 5, 1951.

Scoblionko & Frank, Allentown, Pa., for plaintiff.

Groman & Rapoport, Allentown, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff obtained a default judgment against the defendant in the Supreme Court of New York, on an arbitration award rendered pursuant to proceedings consented to in advance by the parties in a contract. Plaintiff subsequently obtained a default judgment in this district on the New York judgment and on the arbitration award.

Defendant now moves to set aside the default judgment entered here. Also involved in the consideration of this case are motions by the plaintiff to amend the proof of service of process in the action in this district, and to compel the production of documents under Rule 34, Fed.Rules Civ. Proc. 28 U.S.C.A.

■ The first ground for the motion to vacate is that there was improper and invalid service upon the defendant, a dissolved Pennsylvania Corporation, in the proceedings before this Court. Under the saving provision of Article XI, § 1111 of the Pennsylvania Corporation Code, 15 P.S. § 2852–1111, providing that a suit may be brought against a corporation within two years after the date of dissolution, the action was commenced in time. It is true, however, that the deputy marshal's return recited that service was made on "I. Sacks, owner" of the defendant corporation. The name and description do not accurately describe anyone authorized to accept process for the defendant. But the plaintiff has filed a motion to amend the proof of service and has submitted an affidavit of the deputy marshal stating that he had served "J. A. Sachs, President and Treasurer" of the defendant corporation, on the same date indicated in the original return. Clearly, the motion to amend the proof of service should be granted. Rule 4(h) permits the court, at any time, to amend proof of service "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." If J. A. Sachs, the president and treasurer of the defendant, was in fact served on the date in question, no prejudice could result to the defendant by permitting the amendment. And it appears that J. A. Sachs was in fact served. The test is whether it is reasonable to conclude that the plaintiff had in mind the proper person and merely made a mistake as to the name, actually serving the person intended; or whether plaintiff actually meant to serve and sue a different defendant. U. S. v. A. H. Fischer Co., 4 Cir.,

162 F.2d 872. In any event, since the facts stated in the proof of service are not conclusive, Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272, and since the failure to make proof of service does not affect the validity of the service, Rule 4(g), the proof of service may be freely amended. Moore's Federal Practice (2d ed.), vol. 2, § 4.44. Thus, the ground of improper service disappears as a basis for the motion to vacate.

■■ The other ground is merely that the New York judgment is void for invalid service of process. Even if that were true, it is a ground for defense to the action in this Court, not a valid reason for setting aside a default judgment. See Rules 55(c) and 60(b). Moreover, defendant makes no attempt to show any reason why he did not make a defense within the time required by the rules, other than his belief that the New York judgment was void. Finally, the suit in this Court was not only on the New York judgment, but on the arbitration award itself. See Moyer v. Van-Dye-Way Corp., 3 Cir., 126 F.2d 339. And there is no proof or indication of the invalidity of the arbitration award. The motion to vacate will be denied.

■ The plaintiff, in connection with supplementary proceedings, is seeking discovery of property and assets of the defendant, and moves for an order compelling the production of documents and records, under Rule 34. But that rule permits the court to order production of documents only in an action pending before it. The action in which the order is sought has ripened into a final judgment and is no longer pending in this Court. The purpose of Rule 34 is to aid discovery in connection with trial, and its function is not expanded by Rule 69, which permits a judgment creditor to examine a judgment debtor in the manner provided for in the Federal Rules for the taking of depositions. I can find no authority to justify a departure from the plain and explicit provision of Rule 34. Accordingly the plaintiff's motion under that rule will be denied.