**GARDEN HOMES, Inc., Plaintiff, Appellant,**

v.

**Norman P. MASON, as he is Commissioner of Federal Housing Administration, Defendant, Appellee.**

**No. 5099.**

United States Court of Appeals First Circuit.

Dec. 3, 1956.

Angus M. MacNeil, Somerville, Mass., for appellant.

Daniel Needham, Jr., Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This is an appeal from an order by the district court dismissing an action removed from the state court in which it was begun. The ground of dismissal was the insufficiency of service of process upon the defendant.

The primary facts are not in dispute. By writ dated August 9, 1955, the plaintiff instituted this action against "Norman P. Mason, as he is Commissioner of Federal Housing Administration in Chelmsford" in the District Court of Somerville, a District Court of the Commonwealth of Massachusetts. By the terms of the writ, the return date of the action was October 9, 1955. On or about August 15, 1955, a deputy sheriff of Middlesex County left under the door of the house owned by Norman P. Mason in Chelmsford, Mass., a summons and an attested copy of the writ. The return of the deputy sheriff stated that these papers were left "at his last and usual place of abode to wit: 4 Delwood Road, Chelmsford * * *." No other service

of process was made or attempted in this action. On or about September 29, 1955, a copy of the plaintiff's declaration was delivered to the United States Attorney for the District of Massachusetts, who thereafter, on October 10, 1955, filed the defendant's petition for removal with the Clerk of the United States District Court for the District of Massachusetts. The plaintiff filed with the district court a motion to strike the petition for removal, a claim for jury trial, and a motion to remand. The defendant filed a motion to dismiss on the grounds of insufficiency of process and insufficiency of service of process. The district court allowed the defendant's motion to dismiss on the ground that service of process was ineffective, and on January 6, 1956, entered the order from which the present appeal was taken.

■ The motion to dismiss was based upon the failure of the appellant to secure effective service on Norman P. Mason, Commissioner of Housing Administration. Effective service is, of course, the keystone to a court's personal jurisdiction over the defendant, and it is clear that this defense is not waived upon removal of an action from the state court to a federal court. Mechanical Appliance Co. v. Castleman, 1910, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272; General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., 1922, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. Similarly, it is well settled that after removal the federal court has the same power to determine whether or not there is jurisdiction over the defendant as the state court had. In other words, because the jurisdiction of the federal court on removal is, "in a limited sense, a derivative jurisdiction", Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, if the state court lacked jurisdiction of the parties the federal court acquired none. See Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L.Ed. 1509. And in ascertaining its jurisdiction the federal court may inquire into the sufficiency of service of process made prior to removal. Mechanical Appliance Co. v. Castleman, supra; Harrison v. Steffen, D.C.E.D.Ky.1943, 51 F.Supp. 225.

In determining whether or not service of process was effective to invoke the jurisdiction of the district court in the present case, it should first be noted that the declaration in the state court discloses that this is a suit against Norman P. Mason not individually but in his official capacity as Commissioner of Federal Housing Administration. This is made abundantly clear by the fact that each of the first four counts in the plaintiff's declaration is based on acts of "the defendant or his predecessor in office," for whose conduct he is asserted to be responsible. Indeed, the plaintiff conceded in oral argument that, were he to be successful in this action, he would attempt to execute not upon the personal property of Norman P. Mason but upon the assets of the Federal Housing Administration. The service of process attempted by the appellant may have been appropriate under the section of the General Laws of Massachusetts which prescribes the manner of acquiring jurisdiction over individual defendants, Mass.G.L.(Ter.Ed.1932) c. 223, § 31, but this technique will not suffice in an action in which the Federal Housing Administration as a federal agency is the real defendant in interest.

■ The Federal Housing Administration is an agency of the United States created under an Act of Congress, 48 Stat. 1246, which authorized the President "to create a Federal Housing Administration, all of the powers of which shall be exercised by a Federal Housing Administrator * * *." 12 U.S.C.A. § 1702. Federal courts have determined that, for purposes of service of process and diversity of citizenship, the Federal Housing Administration is to be treated as a federal corporation and a citizen of the District of Columbia. Seven Oaks, Inc. v. Federal Housing Administration, 4 Cir., 1948, 171 F.2d 947; see Sarner v. Mason, D.C.D.N.J.1955, 128 F.Supp. 165, affirmed, 3 Cir., 1956, 228 F.2d 176. While the Federal Housing Administra-

tion may not be a corporation in the usual sense, and even though it has not been formally incorporated, as has, for example, the Reconstruction Finance Corporation, it has nevertheless been given many powers of corporations. By amendment of the National Housing Act in 1935, the Federal Housing Administrator (later called Commissioner), in carrying out the provisions of the Act, was authorized, "in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 49 Stat. 722; 12 U.S.C.A. § 1702. The Supreme Court has listed the Federal Housing Administration as among the federal corporations created by recent Acts of Congress. See Keifer & Keifer v. R. F. C. and Regional Agricultural Credit Corp., 1939, 306 U.S. 381, 390–391, 59 S.Ct. 516, 83 L.Ed. 784. That Court has also held that the Federal Housing Administration may be garnisheed in its capacity as a federal governmental corporation. Federal Housing Administration, Region No. 4 v. Burr, 1940, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724.

 Turning then to the applicable Massachusetts laws which regulate service on foreign corporations doing business in that state, Mass.G.L.(Ter.Ed.1932) c. 223, §§ 37, 38, c. 181, § 3A, we find that a suit may be started either by personal service on the officer or agent in charge of the business or by service on the Commissioner of Corporations. See United Drug Co. v. Cordley & Hayes, 1921, 239 Mass. 334, 132 N.E. 56; Atlantic National Bank v. Hupp Motor Car Corp., 1937, 298 Mass. 200, 10 N.E.2d 131. It is evident from the record that the plaintiff here has not complied with these service requirements, and it follows that neither the state court of Massachusetts, nor, derivatively, the federal district court, had personal jurisdiction over the defendant.

The only remaining question is one of procedure. The plaintiff-appellant argues that the case should never have been removed to the federal court; and that therefore the first thing that the court below should have done was to dispose of plaintiff's motion to remand, instead of holding on to the case and ultimately dismissing the action for lack of personal jurisdiction over the defendant by reason of the alleged insufficient service of process. On the other hand, since plaintiff's motion to remand, and defendant's motion to dismiss because of insufficiency of service of process, each raises an issue as to the jurisdiction of the federal court, it may be that the district court should be free to dispose of the case upon whichever of the two grounds may appear to it to be the more convenient. See Block v. Block, 7 Cir., 1952, 196 F.2d 930. It is unnecessary for us to decide this question of procedure now, for it is clear in this case that removal to the federal court was authorized, without removal bond, since it was a civil action against an "officer of the United States or any agency thereof" for an "act under color of such office". 28 U.S.C. §§ 1442 (a) (1), 1446 (d). See James River Apartments, Inc. v. Federal Housing Administration, D.C.D.Md.1955, 136 F. Supp. 24.

A judgment will be entered affirming the order of the District Court.