15814

SANDERS v. COLUMBIAN PROTECTIVE ASS'N OF BINGHAMTON, N. Y.

(37 S. E. (2d), 533)

*Mr. M. W. Seabrook,* of Sumter, Counsel for Appellant,

*Messrs. Lee & Moise,* of Sumter, Counsel for Respondent,

March 12, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This Appeal comes from the Court of Common Pleas of Sumter County, the Hon. J. Woodrow Lewis presiding.

Appellant brought an action in Common Pleas Court for Sumter County against respondent on an insurance policy in the amount of $200.00, issued 22 August, 1939, on the life of Clarence Wright, who died in army service on 17 October, 1944. Service of Summons and Complaint on respondent was attempted to be made by delivering the same to the State Insurance Commissioner under the provisions of the "Uniform Unauthorized Insurers Act", approved April 24, 1943 (43 Stats. 210). Respondent promptly moved to set aside such service on the first two grounds permitted under Section 7 (c) of the above Act, to wit:

(1) That no policy or contract of insurance was issued or delivered to a citizen or resident of this State; and

(2) That respondent is not now and never has been operating in the State of South Carolina, or transacting any business in this State.

The motion was heard by Judge Lewis on the pleadings affidavits, and exhibits, who, by order dated October 11, 1945, vacated and set aside the service and dismissed the Complaint.

From this order appellants now come to this court upon exceptions, which raise the following questions:

(1) That it was error to hold that no contract of insurance was issued or delivered to a citizen or resident of this State.

(2) It was error to hold that defendant was not transacting business in this State.

(3) That Defendant waived all objections to service of process by tendering an issue on its merits.

The policy was applied for August 21, 1939, in New York City by the insured who gave his address as 495 Manhattan Avenue, New York City, and same was issued at Binghamton, New York, August 22, 1939, and delivered to the insured in New York City.

The insured was inducted into military service in December of 1942 at New York City and gave as his home address 310 W. 120th St., New York City. He died in Belgium, October 17, 1944, and appellant filed her claim with respondent giving insured's last address as 310 West 120th Street, New York City.

For some time immediately prior to entering the armed service and during such service, insured or the plaintiff mailed premiums to the respondents New York Office, accompanied by the premium receipt book, the record of such payments were entered therein and the book returned to the appellant or the insured at Sumter, S. C.

Appellant relies upon the holding of the Louisiana Courts in the case of *White v. Indiana Travelers Assur. Co.,* 22 So. (2d), 137, but in that case the policy was mailed from Indiana to the insured in Louisiana which is clearly a different situation from what we have here. In instant case the policy was issued and received in the State of New York and no part of the contract was consummated within this State unless the issuance of a new premium receipt book (which is not unlike any other receipt for monies paid) which was mailed from New York to the Insured at Sumter, S. C. while he was living (or visiting) with the appellant there and the crediting of such payments thereon as were mailed to the home office and the returning of same to the insured or appellant at Sumter, S. C. is to be so considered.

The question of whether or not the defendant is doing business within this State must be determined upon the attendant facts. The defendant does not own property or maintain agents in this State, and this court is of the opinion that

the Circuit Judge was justified under the evidence, in holding that no contract of insurance was issued or delivered to a resident of this State: That the defendant was not doing business in this State within the meaning of the statute and therefore setting aside and vacating the summons and complaint. To hold otherwise would allow a policy holder to subject the company to the jurisdiction of any state simply by mailing a premium from that state whether the company so wished or not.

The question of whether or not under the above statement of facts a contract of insurance was issued or delivered to a resident of this State and whether or not the respondent was doing business within this State was essentially a question of fact to be determined by the Court of Common Pleas and this Court has no power to review such finding unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. *Deaton Truck Lines, Inc. v. Bahnson Company,* 36 S. E. (2d), 465, *State of S. C. v. W. T. Raleigh Co.,* 172 S. C., 415, 174 S. E., 385; *Wiggins and Sons, Inc. v. Ford Motor Co.,* 181 S. C., 171, 186 S. E., 272; *Jones v. General Motors Corp.,* 197 S. C., 129, 14 S. E. (2d), 628.

Judge Lewis held: "The defendant appeared specially for the purpose of objecting to the jurisdiction of the Court." And an examination of the record shows this to be correct, therefore this exception is not well taken.

This Court is of the opinion that the judgment of the Court of Common Pleas should be affirmed and it is so ordered.

MESSRS. ASSOCIATE JUSTICES STUKES and OXNER and MR. ACTING ASSOCIATE JUSTICE STEVE C. GRIFFITH, concur. MR. CHIEF JUSTICE BAKER did not participate.