Maria A. DEZELL, widow of Leslie A. Dezell, Deceased, and Maria A. Dezell, as mother and natural guardian of Lucy Ann Dezell, Leslie Edward Dezell, Daisy Marie Dezell and Leoma Sara Dezell, minors, Plaintiffs,

v.

E. E. BLACK, LTD., and Raber-Kief, Inc., joint adventuring as Black, Raber-Kief and Associates, and Underwriters at Lloyds, Defendants.

Civ. No. 86–60.

District Court of Guam.

Feb. 2, 1961.

E. R. Crain, Agana, Guam, for plaintiffs.

W. Scott Barrett, of Turner, Barrett & Ferenz, Agana, Guam, for defendants.

GILMARTIN, District Judge.

The claim set forth against the defendant, Black, Raber-Kief and Associates in the complaint herein is an action for negligence. The complaint alleges, *inter alia*, that defendant Underwriters at Lloyds issued policies of insurance "which bind Underwriters at Lloyds to pay on behalf of defendant Black, Raber-Kief and Associates any sums for which said Black, Raber-Kief and Associates may become liable to pay by reason of negligence up to the policy limits of said policies." Complaint 3. The suit is brought as a "direct action," against both of the defendants, pursuant to the following code section:

"On any policy of liability insurance the insured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of

insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. *Such action may be brought* against the insurer alone, or *against both the insured and insurer.* Guam Gov.Code, § 43354, Pub.L. No. 102, 4th Leg., 4th Sess. (July 1, 1959)" (emphasis added).

This opinion is addressed to a motion, notice of which was filed by the plaintiffs on December 22, 1960, to require the defendant Underwriters at Lloyds to comply with Government Code of Guam, § 43131(a), Pub.L. No. 102, 4th Leg., 4th Sess. (July 1, 1959) : [1]

"Before any *unauthorized insurer* shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, such *unauthorized insurer* shall either (1) file with the clerk of the court in which such action, suit or proceeding is pending a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action; or (2) procure a certificate of authority to transact the business of insurance in this territory." (Emphasis added.)

Underwriters at Lloyds does not dispute the plaintiffs' contention that it is an "unauthorized insurer."

### I

Underwriters at Lloyds argues that Government Code of Guam, § 43131(a), is "invalid" as to insurers which are not doing business in Guam. Its argument is well taken.

■■ A basic rule of statutory construction is that the intent of the legislature must be ascertained and given effect. Town of Clayton v. Colorado & So. Ry. Co., 10 Cir., 1931, 51 F.2d 977, 979, 82 A.L.R. 417; Select Base Materials,

Inc. v. Bd. of Equalization, 1959, 51 Cal. 2d 640, 335 P.2d 672, 675.

"* * * For 'legislative intent,' vague as the concept often is, nevertheless forms a fundamental canon of statutory interpretation." Iacone v. Cardillo, 2 Cir., 1953, 208 F. 2d 696, 699.

And the most reliable evidence of that intent is the actual language of the statute. See Fisher Flouring Mills Co. v. United States, 9 Cir., 1958, 270 F.2d 27, 30.

"The basic problem in the instant case, as in all instances of statutory construction, is to ascertain the intention of the legislature from the language used by it." Allen v. Rhode Island State Bd. of Veterinarians, 1947, 72 R.I. 372, 52 A.2d 131, 134.

■ It is necessary, then, to review the language of the code section under consideration. It states that in order for an "unauthorized insurer" to be allowed to file a defensive pleading, it must either file a bond with the court clerk or "procure a certificate of authority to transact the business of insurance in this territory." This language clearly demonstrates that the Guam Legislature intended Government Code of Guam, § 43131(a), to apply *only* to those unauthorized insurers which are transacting "the business of insurance in this territory."

If the position taken by the plaintiffs were adopted, as an alternative to filing a bond with the court clerk, an unauthorized insurer-defendant which was *not* transacting the business of insurance in Guam would have to "procure a certificate of authority to transact the business of insurance in this territory."

Certainly the Guam Legislature could not have intended such an absurd result.

"* * * An absurdity may not be ascribed to an act of the legislature if a reasonable interpretation of the statute is possible." Petition

---

1. Uniform Unauthorized Insurers Act, § 7(a), 9C U.L.A. 310–11 (1957).

of Orange County Water District, 1956, 138 Cal.App.2d 518, 292 P.2d 927, 931.

Perhaps it could be argued that the Guam Legislature did not intend to give any alternative to unauthorized insurer-defendants which were *not* transacting "the business of insurance in this territory" but, rather, intended to require all such defendants to "file with the clerk * * * a bond * * * in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered * * *." Guam Gov. Code, § 43131(a).

This argument is also untenable. To so conclude would be to impute to the Guam Legislature an intention to bring about a highly unreasonable result. If this construction were adopted, whereby unauthorized insurer-defendants would have no choice but to file the bond prescribed by Government Code of Guam, § 43131(a), a plaintiff could, in effect, actually bar an unauthorized insurer-defendant from defending a suit simply by demanding therein an exorbitant amount of damages. Because "statutes should be given a common sense meaning that entails no unreasonable consequences," Warner Bros. Pictures v. Brodel, 1948, 31 Cal.2d 766, 192 P.2d 949, 954, 3 A.L. R.2d 691, certiorari denied 1948, 335 U.S. 844, 69 S.Ct. 67, 93 L.Ed. 394, rehearing denied 1948, 335 U.S. 873, 65 S. Ct. 165, 93 L.Ed. 417; cf. Guam Civ. Code (1953), § 3542, this Court is bound to hold that neither of the alternatives contained in Government Code of Guam, § 43131(a), is applicable to an unauthorized insurer-defendant which is not transacting "the business of insurance in this territory."

## II

■ In the light of the foregoing, the controlling question is, Has Underwriters at Lloyds been transacting the business of insurance in Guam?

"The question of whether or not the defendant is doing business within this [jurisdiction] must be determined upon the attendant facts." Sanders v. Columbian Protective Association, 1946, 208 S.C. 152, 37 S.E.2d 533, 534 (dealing with the Uniform Unauthorized Insurers Act, § 5(a), 9C U.L.A. 308 (1957), which, in Guam, appears as Guam Gov.Code, § 4312, Pub.L. No. 102, 4th Leg., 4th Sess. (July 1, 1959)).

"* * * It is * * * apparent that it is not *any* activity of a corporation in a state other than that of its residence which will justify the conclusion that it is 'doing business' there, * * * but it is the combination of local activities conducted by such foreign corporation—their manner, extent and character—which becomes determinative of the * * * question." West Publishing Co. v. Superior Court, 1942, 20 Cal.2d 720, 128 P.2d 777, 781, certiorari denied 1943, 317 U. S. 700, 63 S.Ct. 524, 87 L.Ed. 559. (emphasis by Curtis, J.).

The plaintiffs are not entitled to an order requiring Underwriters at Lloyds. to comply with Government Code of Guam, § 43131(a). They have failed to introduce any evidence whatsoever of any local activities engaged in by Underwriters at Lloyds. In other words, the plaintiffs have not proved that Underwriters at Lloyds was transacting "the business of insurance in this territory," and this Court, therefore, must deny their motion.

■ The plaintiffs contend that the fact that Underwriters at Lloyds has been transacting "the business of insurance in" Guam was determined in In the Matter of an Alleged Violation of Section 43126 of the Government Code of Guam by Atkins, Kroll (Guam), Ltd., an administrative proceeding before the Insurance Commissioner of Guam. An appeal was taken to this Court from the final order of the Insurance Commissioner, which appeal was dismissed for lack of jurisdiction over the subject matter resulting from a failure of timely filing. Atkins, Kroll (Guam), Ltd. v. Taitano, no. Civ. 75–60, D.C.Guam, December 13, 1960. Thereafter, on December 30, 1960,

638

the appellant therein filed its notice of appeal. Since, pending an appeal, a judgment "is not final, and is not evidence of the rights therein declared," Wells Fargo Bank & Union Trust Co. v. Imperial Irrigation Dist., 9 Cir., 1943, 136 F.2d 539, 552, certiorari denied 1944, 321 U.S. 787, 64 S.Ct. 784, 88 L.Ed. 1078, rehearing denied 1944, 322 U.S. 767, 64 S.Ct. 940, 88 L.Ed. 1593, the final order of the Insurance Commissioner of Guam is not, at this time, determinative of whether Underwriters at Lloyds has been transacting "the business of insurance in this territory."

 One additional comment. The plaintiffs may object that Sanders v. Columbian Protective Association, supra, 1946, 208 S.C. 152, 37 S.E.2d 533 and West Publishing Co. v. Superior Court, supra, 1942, 20 Cal.2d 720, 128 P.2d 777, certiorari denied 1943, 317 U.S. 700, 63 S.Ct. 524, 87 L.Ed. 559, deal with the problem of whether a foreign corporation has been doing business within a local jurisdiction so as to be amenable to the service of process, a slightly different problem than the one herein. Government Code of Guam, § 43129(a), like Government Code of Guam, § 43131(a), is a part of the enactment by the Guam Legislature of the Uniform Unauthorized Insurers Act, 9C U.L.A. 306–12(1957), and deals with the service of process upon foreign corporations, using the "transacting of business" test. There can be no question but that the two cases would be directly in point in construing the meaning of the phrase "transacting of business" found in Government Code of Guam, § 43129(a). As there is a presumption, in the absence of a clear indication to the contrary, that the same phrase, used in different sections of an act, is employed with the same definite meaning in each section, Sampsell v. Straub, 9 Cir., 1951, 194 F.2d 228, 230, certiorari denied 1952, 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338, it would seem to be entirely proper to use the two cases to construe, not only the meaning of "transacting business" in Government Code of Guam, § 43129, but also the meaning of

"transact the business of insurance" in Government Code of Guam, § 43131.

### Order

Plaintiffs' motion to require defendant Underwriters at Lloyds to comply with Government Code of Guam, § 43131, is denied. Furthermore, defendants' motion to dismiss the action herein, filed on December 27, 1960, is denied. Defendants are given ten days from notice of this opinion and order to answer or otherwise plead.

It is so ordered.

