**PACIFIC FAR EAST LINE, INC., Appellant**

v.

**JOSE D. LEON GUERRERO, Appellee**

Civil No. 26-A

District Court of Guam

Appellate Division

March 7, 1962

---

*Counsel for Appellant:* TURNER, BARRETT & FERENZ (W. SCOTT
 BARRETT of counsel)

*Counsel for Appellee:* HAROLD W. BURNETT, LEON D. FLORES,
 THAD TISDALE, BENJAMIN H. KELLY,
 *Attorneys,* Attorney General's Office

Before GILMARTIN (deceased), *Presiding Judge;* FURBER, *Chief Justice,* High Court of the Trust Territory of the Pacific Islands and DUENAS, *Judge,* Island Court of Guam

PER CURIAM

OPINION

After oral argument in the above-entitled case, Judge Gilmartin died. The remaining judges constitute a quorum to consider this appeal. The Pacific Far East Line, Inc., a foreign corporation, originally began this action by filing a complaint in the Island Court of Guam against the appellee and the government of Guam. The case was dismissed against the government of Guam and no appeal was perfected. The appellant filed an amended complaint against the appellee, and in the first paragraph of the complaint, it alleged that the plaintiff was a corporation authorized to do business and doing business in the territory of Guam. A motion for summary judgment filed by the appellee was granted and a motion to amend the complaint to make a different party plaintiff was denied. The basis for summary judgment was that the plaintiff below had not qualified to do business in Guam. We do not consider

64

the question as to whether a corporation engaged in interstate commerce may have the Courts of Guam closed to it. That question is not presented here. The plaintiff alleged that it was qualified to do business in Guam and was doing business in Guam.

Section 407 of the Civil Code of Guam provides as follows:

"No foreign corporation or corporation formed, organized, or existing under any laws other than those of Guam shall be permitted to transact business in Guam or maintain by itself or assignee any suit for the recovery of any debt, claim, or demand whatever, unless it shall have the license prescribed in this chapter. Any officer, director, or agent of the corporation or any person transacting business for any foreign corporation not having the license prescribed shall be punished by imprisonment for not more than 6 months or by a fine of not more than $500, or by both such imprisonment and fine, in the discretion of the court."

The appellant was not authorized to transact business in Guam as alleged in its complaint. This would appear to be jurisdictional. Since the original complaint could have been dismissed for this failure, the Court was without authority to permit the substitution of a different party plaintiff. When the Court was advised by the motion for summary judgment, with attached proofs, that the plaintiff had not complied with the corporation law of Guam, it had no alternative except to dismiss.

We again emphasize that we are relying upon the allegations made in the amended complaint; that we are not holding one way or the other as to whether Section 407 would be valid as against a plaintiff engaged in interstate commerce but not engaged in business in Guam. Reference is made to *Maria A. Dezell, et al. v. E. E. Black, Ltd., et al.,* 191 F.Supp. 635, in which the late Judge Gilmartin had occasion to determine as to whether a defendant insurance company in a wrongful death action could be required to comply with the Insurance Code in Guam. The Court noted

that the defendant insurance company had not engaged in any local activities and denied the motion. Certainly if the defendant insurance company had alleged that it was authorized to do business in Guam and was doing business in Guam, a different question would have been presented. The determination in the Island Court is affirmed.