Liston L. WILLIAMS and Freida L. Williams, Plaintiffs,

v.

MODERN HOME LIFE INSURANCE COMPANY and Modern Homes Construction Company, Defendants.

Civ. A. No. CH–65–37.

United States District Court D. South Carolina, Charleston Division.

Nov. 18, 1966.

James E. O'Shields, Hemingway, S. C., for plaintiffs.

Edward M. Woodward, Edens, Woodward & Butler, Columbia, S. C., for defendants.

## ORDER

SIMONS, District Judge.

The defendant, Modern Home Life Insurance Company, appeared specially for the sole purpose of objecting to the jurisdiction of the court as to it, and for the purpose of moving to set aside and quash the attempted service of process upon it pursuant to the provisions of Section 37–265 of the 1962 South Carolina Code of Laws.[1]

This action was commenced by plaintiffs against defendants in the Court of Common Pleas for Georgetown County, South Carolina during December 1965. Service was made upon defendant, Modern Home Life Insurance Company, pursuant to Section 37–265 of the South Carolina Code, supra, by service upon the South Carolina Insurance Commissioner on December 9, 1965. No service was made upon defendant Modern Homes Construction Company, but it made a voluntary appearance since it was named as a defendant herein. The action was subsequently removed to this court because of diversity of citizenship and amount in controversy.

Plaintiffs' complaint alleges in substance that the two defendants are foreign corporations, and that defendant Modern Home Life Insurance Company is organized and existing under the laws of the State of Alabama with its princi-

---

1. § 37–265. *Commissioner agent for service of process on unauthorized insurers.* —The issuance and delivery of a policy of insurance or contract of insurance or indemnity to any person in this State or the collection of a premium thereon by any insurer not licensed in this State, as herein required, shall irrevocably constitute the Commissioner and his successors in office the true and lawful attorney in fact upon whom service of any and all processes, pleadings, actions or suits arising out of such policy or contract in behalf of such insured may be made.

pal place of business in Montgomery; further, that both defendant corporations are engaged in and do substantial business within the State of South Carolina. It is further alleged that on or about May 15, 1962 plaintiffs purchased from defendant Modern Homes Construction Company a home, and as part of the purchase price therefor delivered a mortgage over said property; that thereafter on June 29, 1962 plaintiffs purchased from defendant Modern Home Life Insurance Company a credit life insurance policy no. 62–4–2519–S effective on said date, which provided that said defendant would pay to plaintiffs' creditor under a master policy the aforesaid payments of indebtedness in the event plaintiff Liston L. Williams was disabled in carrying on his usual occupation for a period of at least fifteen days; that said plaintiff Liston L. Williams thereafter in July of 1962 became totally and permanently disabled, and that defendants were duly notified of said fact and demand was made upon defendant Modern Home Life Insurance Company for payment under the terms of said policy. The complaint then alleges that the two defendant corporations conspired with each other to cheat and defraud plaintiffs of their real estate in that defendant Modern Home Life Insurance Company, while acting in concert with the defendant Modern Homes Construction Company, failed and refused to make the payments on said mortgage in violation of the agreement between plaintiffs and defendants; it is further alleged that as a result of said conspiracy to cheat and defraud plaintiffs, latter were forced to sell their property at a great loss in order to avoid foreclosure, all to their damage in the sum of $25,000.00, actual and punitive damages.

From the foregoing it appears that plaintiffs' claim for relief based upon fraud and deceit is one sounding in tort and not contract.

Thereafter, on January 3, 1966 defendant Modern Homes Construction Company filed its answer to plaintiffs' complaint wherein it admitted that it is engaged in doing business within the State of South Carolina, and specifically denied any liability or obligation to plaintiffs, and asked that said complaint be dismissed.

On the same date defendant Modern Home Life Insurance Company appeared specially and filed its motion to quash the service of process upon it and to question the jurisdiction of the court, alleging generally that the court has no jurisdiction over the person of said defendant; that service of process upon it in this case is insufficient; that said defendant is not now and never has been licensed or qualified to do business under the laws of the State of South Carolina; that it has never appointed or authorized any agent to accept service of process for it, and that at the time of the attempted service of the summons herein it was not found within the State of South Carolina. Said defendant further specifically contends that the purported service of the summons and complaint upon the Insurance Commissioner of South Carolina pursuant to Section 37–265 of the 1962 South Carolina Code of Laws, supra, is void as to it since said defendant has never issued a policy or contract of insurance to a citizen or resident of South Carolina, or to a corporation authorized to do business herein; that it has never collected a premium thereon from any one and that it has never transacted any business in this state.

The motion to dismiss as to the defendant Modern Home Life Insurance Company was heard by the court on September 7, 1966. Counsel for the parties submitted written briefs and argued their positions orally before the court. Prior to the hearing defendants' counsel served plaintiffs' counsel with notice to produce "the instrument referred to in paragraph 4 of the complaint in this action as a 'credit life insurance Policy No. 62–4–2519–S', allegedly purchased from defendant Modern Home Life Insurance Company on or about June 29, 1962." At the hearing plaintiffs' coun-

sel failed to produce such instrument and defendant's counsel produced for the record a "Statement of Insurance" which certified that:

"MODERN HOME LIFE INSURANCE COMPANY, MONTGOMERY, ALABAMA, has insured the payments on the indebtedness to the CREDITOR, master policyholder, in the event of injury or sickness which has wholly and continuously disabled the Insured Debtor and prevented him from performing each and every duty pertaining to his occupation for a period of at least fifteen days, periodically, will pay, retroactive to the first day, to the Creditor the amount of the. Insured Debtor's payment each month so long as the insured Debtor is so disabled and remains under the care of a legally qualified physician or surgeon (other than himself) but not to exceed 120 consecutive months as a result of any one illness or injury or beyond the expiration date of the indebtedness, whichever is earlier.

"All indemnity payments are subject to the terms and limitations of the Master Policy.

\*　\*　\*　\*　\*　\*

## "TERMINATION OF INDIVIDUAL INSURANCE

"The Insurance with respect to the indebtedness shall automatically terminate immediately upon earliest of the following dates:

"(a) the date such indebtedness is completely discharged.

(b) the date upon which a refinancing agreement between the Policyholder and the Insured Debtor becomes effective.

(c) upon Creditor's institution of court action to collect the indebtedness.

(d) upon Insured Debtor's attainment of age 65.

(e) upon cancellation of the Master Policy.

"All claims should be filed with the home office of the MODERN HOME LIFE INSURANCE COMPANY, MONTGOMERY, ALABAMA on claim forms furnished by the Company.

"This Statement of Insurance is for information only. It is not a contract of insurance but attests that a master policy has been issued to the mortgagee-creditor in accordance with the foregoing by the company. Said master policy is subject to change by endorsement and to assignment and cancellation in accordance with it terms."

The vital question before the court is whether this court has jurisdiction of defendant, Modern Home Life Insurance Company.

Defendant Modern Home Life Insurance Company has timely objected to the jurisdiction of the court after removal here from the state court, and having the right to now move to vacate and quash the service of process, Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272 (1910); Sadler v. Pennsylvania Refining Co., (W.D.S.C.1940), 33 F.Supp. 414 (Watkins, J.); Springs Cotton Mills v. Machinecraft, Inc., 156 F.Supp. 372 (W.D.S.C.1957) (Williams, J.), then the burden of establishing jurisdiction as to service of process to the court's satisfaction by a preponderance of the evidence is upon the plaintiff who asserts it. See McNutt v. General Mtrs. Accept. Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

The only factual evidence presented by plaintiffs to support their contention that this court has proper jurisdiction of defendant Modern Home Life Insurance Company is that the "policy" or "certificate of insurance" issued to it by said defendant is sufficient basis to establish the jurisdiction of this court by service of process upon the Insurance Commissioner of South Carolina as a true and lawful attorney in fact for said defendant upon whom service of all

processes against said defendant may be made pursuant to Section 37–265, supra.

The South Carolina Supreme Court in the case of Ross v. American Income Life Insurance Co., 232 S.C. 433, 102 S.E.2d 743 (1958), upheld the constitutionality of Section 37–265, stating that such Section did not violate the due process clause of the Fourteenth Amendment even as applied to a foreign insurer having no office, property, agent or solicitors in the State, but which issues and delivers by mail a single insurance policy to a resident of this State. This case cited in support of its rationale the landmark decision of the United States Supreme Court in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), which upheld the constitutionality of the California service of process statute providing for service by registered mail upon a foreign insurance company under California's Uniformed Unauthorized Insurer's Act. Thus, under the *Ross* case any foreign insurance company which issues and delivers one contract of insurance or indemnity to any person in this State, *or* who collects a premium thereon is subject to substituted service of all process in actions or suits arising out of such contracts. In *Ross* the South Carolina Supreme Court specifically held that a cause of action based upon fraudulent breach of contract was an action which "arose out of such contract." It further held that the other cause of action in *Ross*, which was an action *ex delicto* based upon fraud and deceit in inducing insured to take out the insurance policy, was not such action as arose out of subject policy or contract, and that therefore substituted service could not be made upon a foreign insurance company not licensed in this State pursuant to Section 37–265, supra.

In an earlier case interpreting the same Statute (§ 37–265), Sanders v. Columbian Protective Association of Binghamton, New York, 208 S.C. 152, 37 S.E.2d 533 (1946), the South Carolina Supreme Court held that a foreign insurance company who did not own property or maintain agents in South Carolina and did not issue or deliver the policy in South Carolina was not "doing business" in South Carolina, and hence service of process on the State Insurance Commissioner was not justified under the uniform or unauthorized insurer's Act, notwithstanding the fact that premiums were mailed from South Carolina to the insurer in New York.

Thus, in order for plaintiffs to establish that the court has jurisdiction of defendant Modern Home Life Insurance Company it must establish factually that said defendant issued and delivered a policy or contract of insurance or indemnity to a person in this state, *or* that it collected a premium thereon from a resident of this state, and that plaintiffs' cause of action arose out of such policy or contract issued by defendant to plaintiffs.

In support of its motion to quash service of process upon it, defendant submitted an Affidavit of J. W. Wells, its president, which establishes that defendant issued a group accident health and life policy which insured all of the debtors of one class of the creditor, Modern Homes Mortgage Company; that the premium for this group insurance is paid for by the creditor out of the creditor's funds and more than seventy-five percent of the debtors of Modern Homes Mortgage Company are insured. The group policy issued to Modern Homes Mortgage Company with which we are concerned here was made and entered into in Montgomery, Alabama, and there have been no contracts issued by Modern Home Life Insurance Company to any person, firm, or corporation outside of the State of Alabama, it being noted that Modern Homes Mortgage Company, the creditor, is an Alabama corporation which is domiciled in that State. It is further established that no policy of insurance has ever been issued or delivered by Modern Home Life Insurance Company to anyone in South Carolina or to any person, firm or corporation doing business in this State. Neither has any business ever

been solicited by it in South Carolina. It maintains no offices in this State, has no officers living here, has no agents or employees here, owns no property here, nor has it ever qualified to do business in this State. Neither is there any showing that any premium has ever been collected from any person, firm or corporation within this State or doing business herein.

The court is mindful of the fact that defendant, Modern Homes Construction Company, is a widely held stock corporation which owns all of the capital stock of Modern Home Finance Company, the latter in turn owns all of the stock of defendant Modern Home Life Insurance Company which does not issue any of its contracts of indemnity or insurance to anyone outside of this corporate group. Thus, in actuality, although it appears that plaintiffs originally purchased their home from defendant Modern Homes Construction Company and executed to it their mortgage covering a portion of the purchase price, the said mortgage and the debt it secured were thereafter assigned to Modern Home Finance Company which obtained a group policy from defendant Modern Home Life Insurance Company insuring many of its debtors, including plaintiffs. Plaintiffs were not parties to the insurance contract nor did they have any voice in the negotiation or consummation of same. The insured was the creditor, Modern Home Finance Company. The policy did not of itself insure plaintiffs or any other person. It merely made available specified insurance to certain debtors of creditor. The insurer looked to the creditor; for the payment of premium and there is no intimation that plaintiffs ever paid any specified premium to defendant insurer. The mere issuance by defendant insurer of a "Statement of Insurance" to plaintiffs cannot possibly be construed as the issuance of an insurance policy by defendant to plaintiffs. It was not a contract of insurance, but merely attested the fact that a master group policy had been issued to the mortgagee-creditor by defendant insurance company, which insured to the creditor plaintiffs' mortgage debt in case of disability under the terms and conditions as set forth in the policy itself. See Boseman v. Connecticut General Life Insurance Company, 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937).

■ From the foregoing factual situation the court can only conclude that plaintiffs have utterly failed in their duty to establish sufficient facts to warrant this court's assertion of jurisdiction over defendant insurer, in that they have utterly failed to show that any policy or contract of insurance or indemnity has ever been issued or delivered by defendant to any person in this state or that it has ever collected any premium on any of its policies or contracts from any one in this State or any person, firm or corporation licensed or engaged in doing business in this State. Neither have they convinced the court that their cause of action based upon alleged fraud and deceit between defendants, which is clearly an action *ex delicto* and not *ex contractu*, arose out of any policy or contract issued by defendant in behalf of plaintiffs as insureds. Therefore, plaintiffs' attempted service of process upon defendant insurer under the provisions of Section 37–265 of the 1962 South Carolina Code of Laws, supra, is void and of no effect, and such attempted service is hereby quashed and this action dismissed as to defendant Modern Home Insurance Company.

Defendant Modern Homes Construction Company has voluntarily appeared and answered in this action and plaintiffs' cause of action against this defendant is in no way affected hereby.

And it is so ordered.