Montgomery DOVE, Appellant,

v.

## DAIRYLAND INSURANCE CO., Appellee.

No. 88–351.

District of Columbia Court of Appeals.

Argued June 9, 1989.

Decided Aug. 11, 1989.

H. Vincent McKnight, Jr., Washington, D.C., for appellant.

Peggy A. Miller, Washington, D.C., with whom Thomas H. Bornhorst was on the brief, for appellee.

Before ROGERS, Chief Judge, and MACK and TERRY, Associate Judges.

ROGERS, Chief Judge:

This appeal presents the question of whether the District of Columbia Compulsory/No–Fault Motor Vehicle Insurance Act of 1982, as amended in 1985 (Amended Act), requires a foreign insurer to offer optional personal injury protection (PIP) insurance to a nonresident who is required to purchase other specified coverage under D.C.Code § 35–2103(b) (1988 Repl.) as a condition of operating a motor vehicle in the District of Columbia. The motions judge ruled that it did not, and we agree.

### I.

On July 26, 1986, appellant, a Maryland resident, was driving in the District of Columbia when another driver failed to obey a traffic signal and struck him, causing him personal injury and physical damage to his car. Appellant notified his automobile insurance carrier, appellee Dairyland Insurance Company, a corporation authorized to sell automobile insurance in Maryland, of the accident and requested PIP benefits. Dairyland paid appellant $2,500.00 in PIP benefits under appellant's Maryland insurance policy with Dairyland, but refused to pay the greater PIP benefits pursuant to D.C.Code § 35–2104 (1988 Repl.), because PIP insurance was optional under the Amended Act, and under Maryland law [1]

---

1. Maryland regulation 09.30.63.01, adopted as an emergency provision effective November 1, 1983, and permanently effective on March 1, 1984, provides:

    If, under the provisions of the motor vehicle financial law or the motor vehicle compulsory insurance law or any similar law of the District of Columbia or of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such jurisdiction and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent *required* by such law and only with

and appellant's insurance policy [2] Dairyland was only required to provide coverage that conformed with the Amended Act as to insurance which nonresidents were required to carry.[3] Appellant filed suit, contending that Dairyland had violated the Amended Act by refusing to honor appellant's medical expenses and wage loss claims in excess of $2,500.00. The motions judge denied appellant's motion for declaratory judgment and granted Dairyland's motion to dismiss for failure to state a claim on which relief can be granted since the Amended Act did not require nonresidents to carry or be offered the optional PIP benefits defined in § 35–2104.

## II.

Dismissal under Super.Ct.Civ.R. 12(b)(6) for failure to state a claim upon which relief can be granted is proper only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C.1979) (citations omitted).

Appellant contends that D.C.Code §§ 35–2104, 35–2106(a)(1)(D) (1988 Repl.)[4] apply to foreign insurers because D.C.Code § 35–2103 (1988 Repl.)[5] does not distinguish between nonresidents and residents in mandating the insurance coverage that they must carry as specified in § 35–2106. This argument fails to distinguish between the subject of § 35–2103, which is directed towards the regulation of drivers, whether residents or nonresidents, within the District, and the subject of § 35–2104 and § 35–2106(a)(1)(D), which is directed towards the insurers who write policies in the District of Columbia. The reference in § 35–2103 to § 35–2106 is simply the means by which the Council of the District of Columbia specified the insurance that nonresident and resident drivers must carry in the District of Columbia, and does not attempt to regulate the coverage that foreign insurers must offer.

The plain language [6] of the Amended Act provides that only insurers who sell insurance in the District of Columbia must offer uninsured motorist protection. In addition, each insurer shall offer optional personal injury protection insurance required by § 35–2104 and underinsured motor vehicle coverage as required by this section.

---

2. Appellant's insurance policy provides:
   If this policy provides liability insurance and if you are travelling in a state which has compulsory motor vehicle insurance requirements for non-residents, we'll automatically provide the *required* insurance. However, this amendment will provide only excess insurance. [Emphasis added]
   [Appendix B of appellee's brief]

3. Appellant does not contend that under either Maryland law or his Dairyland insurance policy he was entitled to more than the $2,500.00 in PIP benefits he received from Dairyland.

4. D.C.Code § 35–2104(a) provides in pertinent part:
   (a) *In general.*—(1) In addition to insurance required to be provided by an insurer under § 35–2106, each insurer shall offer to each person required to have insurance under this chapter optional personal injury protection insurance as set forth in this section.
   D.C.Code § 35–2106(a)(1)(D) provides in pertinent part:
   (D) Each insurer selling motor vehicle insurance in the District shall be required to offer insurance which shall provide at least all minimum benefits required by this chapter with respect to: (i) Property damage liability; (ii) third party personal liability; and (iii)

respect to the operation or use of a motor vehicle in such jurisdiction. [Emphasis added]

5. D.C.Code § 35–2103 provides in pertinent part:
   (a) *Residents of District.*—Each owner of a motor vehicle which is required to be registered or for which a reciprocity sticker is required in the District shall maintain insurance required by § 35–2106. This insurance shall be in effect continuously during the motor vehicle's period of registration or reciprocity.
   (b) *Nonresidents of District owning or operating motor vehicles in District.*—(1) A person who is not a resident of the District who owns a motor vehicle shall not operate the motor vehicle, or permit the motor vehicle to be operated in the District, unless insurance required by § 35–2106 is provided and maintained during the time that the motor vehicle is present in the District.

6. It is well established that a court must interpret the meaning of a statute according to its express language and must construe the words according to their ordinary and plain meaning. *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753–54 (D.C.1983) (en banc). Only in extraordinary cases in which the plain language would lead to absurd results, create

optional PIP insurance. The provisions of § 35–2106(a)(1)(D) apply only to "[e]ach insurer selling motor vehicle insurance in the District." Moreover, the Amended Act defines "insurer" as "any person, company, or professional association licensed in the District of Columbia that provides motor vehicle liability protection or any self-insurer." D.C.Code § 35–2102(11) (1988 Repl.). Section 35–2106(a)(1)(D) enumerates the coverage that District of Columbia insurers are required to provide to subscribers and then enumerates the optional coverage that it must offer. Section 35–2101, which covers motor vehicles within the District of Columbia, whether operated by residents or nonresidents, simply specifies, by reference to § 35–2106, the insurance that residents and nonresidents must carry.

This interpretation, contrary to appellant's contention, does not undermine the statutory purpose of the Amended Act to protect victims who are injured in the District of Columbia, *see* § 35–2101(b) (1988 Repl.), since the Amended Act does not require drivers to carry PIP insurance. That the D.C. Council decided in 1985 to make PIP insurance optional indicates that it did not consider the coverage necessary to provide adequate insurance protection to victims; otherwise the D.C. Council would

have required PIP coverage in the same manner it required all persons having motor vehicles in the District of Columbia to carry property damage liability, third party personal liability, and uninsured motorist protection. D.C.Code § 35–2106(a)(1)(D).[7]

Our interpretation of the Amended Act is further necessitated on the ground that the Council of the District of Columbia is without authority to compel foreign insurers to provide coverage that conforms with the Amended Act in policies of insurance written outside of the District of Columbia.[8] The authority of a state to regulate insurers lies within its police powers and is thus subject to the constitutional limitations of due process.[9] A foreign insurer accordingly subjects itself to the laws of that state only by doing business within the state.[10] It is undisputed that Dairyland is a Maryland corporation authorized to do business in that state and appellant has presented no evidence that Dairyland is subject to the legislative powers of the D.C. Council.

Accordingly, the judgment is affirmed.

---

1172, 1179 (D.C.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985).

**7.** Before June 2, 1986, § 35–2103 required residents and nonresidents driving in the District of Columbia to maintain PIP insurance. The requirement was made optional pursuant to D.C.Law 6–96, the Amendments Act of 1985, in response to concerns that compulsory PIP insurance was a needless expense for some consumers, as insurance rates were continuing to rise even with a mandatory motor vehicle insurance law. *See Report of the D.C. Council Committee on Consumer and Regulatory Affairs on Bill 6–249, the Compulsory/No–Fault Motor Vehicle Insurance Act of 1982 Amendments Act of 1985,* statement of Carol B. Thompson, July 5, 1985, at 3.

**8.** A fundamental principle of statutory construction is that legislatures presumptively act within constitutional limits and the courts accordingly will endeavor to give a statute a construction which will avoid constitutional challenges. *See, e.g., Gay Rights Coalition v. Georgetown Univ.,* 536 A.2d 1, 16 (D.C.1987) (en banc); *Nova Univ. v. Educational Inst. Licensure Comm'n,* 483 A.2d

obvious injustice or thwart the obvious purpose of the statute should the court go beyond the statutory language. *Id.*

**9.** *See, e.g., Jordan v. American Eagle Fire Ins. Co.,* 83 U.S.App.D.C. 192, 204, 169 F.2d 281, 293 (1948); *Diamond v. District of Columbia,* 618 F.Supp. 519, 527 (D.D.C.1984), *aff'd in part, reversed in part,* 253 U.S.App.D.C. 111, 792 F.2d 179 (1986).

**10.** *See, e.g., Dezell v. E.E. Black, Ltd.,* 191 F.Supp. 635, 637 (D.Guam 1961); *People v. Alliance Life Ins. Co.,* 65 Cal.App.2d 808, 812–14, 151 P.2d 868, 871 (1944); *Whitfield v. Empire Mut. Ins. Co.,* 167 Conn. 499, 505–08, 356 A.2d 139, 143–44 (1975). *Cf. Kaiser–Georgetown Comm. Health Plan, Inc. v. Stutsman,* 491 A.2d 502, 508 (D.C.1985) (application of District of Columbia law did not violate due process where, *inter alia,* defendants were District of Columbia corporations with primary places of business in the District of Columbia); *Frank E. Basil, Inc. v. Guardino,* 424 A.2d 70, 74 (D.C. 1980) (to establish personal jurisdiction over foreign corporate defendant must determine whether and to what extent it engages in in-state activities).