[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff, Petrol Plus, Inc., commenced this products liability action by service of the writ of summons and complaint on the defendant Fred D'Onofrio, Inc., August 26, 1993, as evidenced by the return of service contained in the court file. Since the time of filing, the pleadings have been through various stages of revision and amendment with requests to revise filed by both the plaintiff and the defendant, as well a motion to strike the complaint filed by the defendant on the grounds that the plaintiff was seeking damages which were commercial losses. Said motion to strike was denied.
On May 4, 1994, the plaintiff filed a second amended complaint alleging, in a single count, that the defendant, Fred D'Onofrio, Inc., sold and installed an underground storage tank system for use at a retail gasoline station operated by the plaintiff. The plaintiff alleges that as part of the contract for the installation of the underground storage system, the defendant supplied backfill material to be used in conjunction with the installation of the system. The plaintiff's complaint further alleges that the contract between the parties was entered into on or about June of 1986, that the backfill was defective and caused property damage to the plaintiff and also to the surrounding real property in violation of the Products Liability Act, General Statutes § 52-572m, et seq. The complaint further alleges that the defective nature of the backfill was discovered in November of 1990 after excavation of one of the tanks sold and installed by the defendant.
The defendant filed an amended answer and nine special defenses on April 21, 1995. The first, second, third and fourth special defenses are statute of limitations defenses including General Statutes § 42a-2-725 (Uniform Commercial Code), General Statutes § 52-577a (Products Liability), General Statutes § 52-584
(Negligence), and General Statutes § 52-576 (Contract), respectively. The fifth special defense asserts that the plaintiffs' claim is barred by General Statutes 52-572n(c) CT Page 10910 because the plaintiff claims commercial loss between commercial parties. The sixth and seventh special defenses assert contributory negligence by the plaintiff and or its servants, agents or employees. The eighth special defense asserts that the subject property of the plaintiff was under the care, control, maintenance and possession of the plaintiff to the exclusion of the defendant.[1] The ninth special defense asserts that the present action "was brought by the plaintiff as retaliation against the defendant due to a prior lawsuit brought by the defendant against the plaintiff for failure of the plaintiff to pay an outstanding bill to the defendant for work the plaintiff had done for the defendant."
The plaintiff filed a motion to strike the nine special defenses of the defendant on May 26, 1995 on the grounds that the defenses are inapplicable to the plaintiff's cause of action, allege facts that are not consistent with the facts alleged in the complaint and that the defenses fail to show that the plaintiff has no cause of action against the defendant. The plaintiff has requested that the motion to strike be granted with prejudice but did not clarify or brief the grounds, or the reasoning behind the request in its supporting memorandum.[2]
As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
LEGAL DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
First, Third and Fourth Special Defenses
The first, third and fourth special defenses are statute of limitations defenses including General Statutes § 42a-2-725
(Uniform Commercial Code), General Statutes § 52-584
(Negligence), and General Statutes § 52-576 (Six year Statute of Limitation for actions sounding in Contract), respectively. The CT Page 10911 plaintiff's complaint is in a single count alleging only a violation of the Products Liability Act.
"The legal sufficiency of a special defense may be determined by reference to Practice Book § 164. A special defense alleges facts which are consistent with the plaintiff's allegations but which `show, notwithstanding, that he has no cause of action. . . .'" Sterling v. Vesper Corporation dbaPenco Products, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 060771 (10 Conn. L. Rptr. 58, August 30, 1993, Pickett, J.), quoting Practice Book § 164. In Grantv. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992), the court stated that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
The plaintiff argues that the allegations set forth in the first, third and fourth special defenses are inconsistent with the claims and factual allegations of the complaint. The defendant counters that these special defenses are being raised to demonstrate "that the plaintiff has no cause of action for a products liability claim and seeks to show that the reasoning behind the assertion of such a claim is the fact that the statutes of limitations for any other cause of action has expired." (Defendant's Memorandum in Opposition to Motion to Strike, p. 3). This argument, simply put, is unavailing. These special defenses are not consistent with the allegations of the plaintiff's complaint and fail to demonstrate that the plaintiff has no cause of action.
In addition, the first, third and fourth special defenses do not tend to destroy the plaintiff's cause of action. "The distinction between matters which may be proved under a general denial and matters constituting special defenses, which must be specially pleaded, . . . [is that]. . .[a] denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of a disputed fact. . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the matter must be affirmatively pleaded." (Citations omitted; internal quotations marked omitted.) Bernier v.National Fence Co., 176 Conn. 622, 629, 410 A.2d 1007 (1979). CT Page 10912 The fact that the statute of limitations for claims not asserted by the plaintiff, may or may not have run would not destroy the plaintiff's product liability cause of action. Therefore the motion to strike to the first, third, and fourth special defenses must be granted.
Second Special Defense
The second special defense asserts that the plaintiff's claims are barred by the statute of limitations, "General Statutes § 52."[3] Pursuant to Practice Book § 169 a defendant is required to plead the statute of limitations as a special defense. See Mac's Car City v. DeNigris, 18 Conn. App. 525,559 A.2d 712, cert. denied, 212 Conn. 807, ___ A.2d ___ (1989).
General Statutes § 52-577a provides in pertinent part:
"(a) No product liability claim. . . shall be brought but within three years from the date when the injury, death, or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, . . . no such action may be brought against any party nor may any party be impleaded. . . later than ten years from the date that the party last parted with possession or control of the product."
The defendant argues that this defense rests on a discovery issue which is a factual question. (Defendant's Memorandum in Opposition to Motion to Strike, p. 3). In Greenwood v. Eastman-KodakCompany, Superior court, judicial district of Hartford-New Britain at New Britain, Docket No. 452919 (11 Conn. L. Rptr. 309, March 25, 1994, Lavine, J.), the court denied the plaintiffs' motion to strike the defendants' statute of limitations defense in a products liability action. "By pleading this as a special defense, the defendant is necessarily alleging that the plaintiff's injury was, or should have been discovered, more than three years before [the commencement of the action." Greenwood v. Eastman-Kodak Company, supra,11 Conn. L. Rptr. 310. Here, the facts alleged in the complaint state that the underground tank system was installed in 1986 and malfunctioned in 1990, at which time the tank was excavated and the plaintiff discovered the alleged backfill defect.
The plaintiff also argues that the statute of limitations under the Products Liability Act is based upon discovery of the CT Page 10913 injury. Although the facts alleged by the plaintiff state that the defect was discovered in 1990, the question still remains, whether the injury "was or should have been discovered more than three years prior to the commencement of the action." Id. As in Greenwood, the defendant's special defense is necessarily asserting that the injury should have been discovered, in the exercise of reasonable care, prior to 1990. Since facts provable under this allegation would support this special defense, the motion to strike the second special defense must be denied.
Fifth Special Defense
The defendant's fifth special defense states: "As the plaintiff claims commercial loss and the plaintiff claims that it and the defendant are commercial parties, then the claims of the plaintiff are barred by Conn. Gen. Stat. § 52-572n(c)." The plaintiff's complaint alleges that the parties are commercial parties but specifically alleges that it seeks property damages. The assertions set forth by the defendant in its fifth special defense, that the plaintiff claims commercial loss, is clearly inconsistent with the facts alleged by the plaintiff in its complaint. As stated above, "[a] special defense alleges facts which are consistent with the plaintiff's allegations but which `show, notwithstanding, that he has no cause of action. . . .'"Sterling v. Vesper Corporation dba Penco Products, supra,10 Conn. L. Rptr. 58. In Grant v. Bassman, 221 Conn. 645, 472-73,604 A.2d 814 (1992), the court stated that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action). Id.
In addition, on June 6, 1994, the defendant moved to strike the plaintiff's complaint it is entirety on the grounds that "the plaintiff seeks damages which are commercial losses which are prohibited by Conn. Gen. Stat. § 52-572n(c)." The court, (Gordon, J.), denied the motion to strike on the grounds that the issue of whether the parties were "commercial parties" and the loss a "commercial loss" was more appropriately determined by a motion for summary judgment.
In Greenwood v. Eastman-Kodak Company, supra,10 Conn. L. Rptr. 310, the defendant set forth special defenses that it had previously used as grounds for a motion to strike the plaintiff's complaint. The court stated "[t]he defendant's CT Page 10914 attempt to relitigate the legal sufficiency of the complaint via a special defense is procedurally improper. . . .If a losing party is dissatisfied with the trial court's ruling on a motion to strike, the remedy is an appeal. . . ." (Citations omitted).Greenwood v. Eastman-Kodak Company, supra, 10 Conn. L. Rptr 310. The defendant argues that Greenwood is distinguishable because the defenses at issue in Greenwood asserted only that the plaintiff failed to state a claim upon which relief could be granted whereas D'Onofrio, the defendant in this action, asserts facts which will show that the defendant has no liability. Regardless of the wording, the defendant is still attempting to relitigate the legal sufficiency of the plaintiff's complaint by raising a special defense that has already been presented to the court by way of a motion to strike.
In addition, the fifth special defense asserts facts that are not consistent with the plaintiff's complaint. In keeping with the reasoning of Greenwood, and because the factual assertions of the fifth special defense are not consistent with the allegations set forth in the plaintiff's complaint, the motion to strike the fifth special defense must be granted.
Sixth, Seventh and Eighth Special Defenses
The sixth and seventh special defenses, respectively, assert that the injury or damage suffered by the plaintiff was caused by the plaintiff's improper removal of the tank and failure to timely test the tanks in accordance with manufacturer specifications. As to the sixth special defense, the plaintiff has specifically alleged in its complaint that "[n]either Petrol Plus nor any of its agents caused additional harm to the Kerosene Tank during the excavation of said Tank." The sixth special defense, therefore, also alleges facts inconsistent with the allegations set forth in the plaintiff's complaint. Likewise, the seventh special defense, asserts facts inconsistent with the plaintiff's complaint.
In addition, the sixth, seventh and eighth special defenses sound in either contributory (sixth and seventh special defenses) and/or comparative (eighth special defense) negligence. In its memorandum in support of its motion to strike, the plaintiff argues that comparative negligence is not a valid special defense to a products liability claim pursuant to General Statutes § 52-572o. The defendant, on the other hand, argues in its memorandum in opposition to the motion to strike CT Page 10915 that General Statutes § 52-572 "provides for comparative fault to be alleged in claims made under the products liability statute." The defendant cites to Champagne v. Raybestos-Manhattan, Inc.212 Conn. 509, 562 A.2d 1200 (1989) in support of its argument that comparative fault may be alleged in product liability claims under the statute. The defendant's reliance on that case is misplaced. In Champagne v. Raybestos-Manhattan. Inc., supra,212 Conn. 543, the court "determined that comparative responsibility is applicable in a common law liability case. . . ." Id. Unlike Champagne, the present action is not based on the common law but rather upon the statute.
"Since General Statutes § 52-572o is the applicable comparative negligence statute in a product liability case and under the statute a plaintiff's damages are only diminished in proportion to the plaintiff's negligence and the statute does not bar recovery, comparative negligence cannot be specially pled in a product liability action because this special defense does not demonstrate that the plaintiff has no cause of action."Sterling v. Vesper Corporation dba Penco Products, supra, (10 Conn. L. Rptr. 59). See also Greenwood v. Eastman-KodakCompany, supra, (11 Conn. L. Rptr. 312) (holding that comparative negligence cannot be specially pled in a products liability action). Because the sixth and seventh special defenses allege facts inconsistent with the allegations set forth in the plaintiff's complaint, and because the defendant's sixth, seventh and eighth special defenses allege contributory or comparative negligence, the plaintiff's motion to strike each of these defenses will be granted.
Ninth Special Defense
The ninth special defense assets: "This lawsuit was brought by the plaintiff as retaliation against the defendant due to a prior lawsuit brought by the defendant against the plaintiff for the failure of the plaintiff to pay an outstanding bill to the defendant for work the defendant had done for the plaintiff." The ninth special defense is not only inconsistent with the allegations of the plaintiff's complaint, it fails to demonstrate that the plaintiff has no cause of action and, as such, the motion to strike the ninth special defense will be granted.
CONCLUSION
CT Page 10916
Based on the foregoing, the plaintiff's motion to strike (#127) is granted as to the first, third, fourth, fifth, sixth, seventh, eighth and ninth special defenses; the motion is denied as to the second special defense.
SO ORDERED.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT